DAVID ANDERSON and JOHN T. WATSON, Plaintiffs in Error, *v.* CHARLES F. BLATTAU *et al.*, Defendants in Error.

1. *Corporations — Liability for Debts in excess of Capital — Stockholding Creditors — Construction of Statute.*— Where debts contracted by a corporation in pursuit of its business exceeded the amount of its capital stock actually paid in, the directors are liable for such excess to such parties as really held debts against the company, under the provisions of section 20 of article 1 of the act concerning corporations (R. C. 1855, p. 374), even although the creditors were stockholders in the corporation.

### Error to St. Louis Circuit Court.

This was a suit instituted by plaintiffs in error, who were partners in business, against defendants in error, to recover the sum of $4,147.19, it being an indebtedness contracted by the Missouri Spinning Company, a corporation of which the said defendants were directors. It was alleged by plaintiffs that the debt was contracted in 1859, while they were partners, for goods, wares, and merchandise sold to the company, and for which the notes of the company were given; that the capital stock subscribed was $62,000, and that the amount paid in on the capital stock was only $6,000 at the time the said debts were contracted; that the amount of debts due by the company at that time was, including the debt due the plaintiffs, the sum of $60,000, being $54,000 more than the amount of capital stock paid in.

By order of the court, a referee was appointed to state the accounts of the company. By his report it appears that the company commenced business in April, 1859, and was dissolved in March, 1860; and that during the year 1859 the amount of the indebtedness of the company exceeded at all times the amount of the capital stock paid in by from $10,000 to $50,000; and that at the time these debts were contracted with the plaintiffs the amount of indebtedness was about $80,000, and the amount of capital stock paid in was about $8,000. It further appeared from the testimony that the debts were contracted for goods sold by plaintiffs to the company, in August and September, 1859; and also that John T. Watson, one of the plaintiffs, was a stockholder in the company to the amount of $500, of which he had paid in the sum of $200.

Upon the trial of the cause, and after the introduction of the testimony, at the instance of defendants the court gave the following instruction, to-wit: "If the jury believe from the evidence that the plaintiff Watson was a stockholder of the Missouri Spinning Company, and that he was such stockholder at the time that the liability of the said company to said plaintiff was contracted, then plaintiffs are not entitled to recover."

Plaintiffs thereupon submitted to a non-suit, with leave to move

to set the same aside. Plaintiffs afterward moved the court to set aside the non-suit, which motion was overruled by the court, and the case is brought up to this court by writ of error.

*Sharp & Broadhead*, for plaintiffs in error.

This suit was brought against the defendants, as directors of a corporation, to recover a debt contracted by the corporation, under the provisions of the twentieth section of the first article of the law on the subject of corporations, in the revised code of 1855 (R. C. 1855, p. 374). In this case it appears clearly that, at the time the debt was contracted, the indebtedness of the company largely exceeded the amount of capital stock paid in, and even the amount of capital stock subscribed. But it is contended that one of the members of the firm of Anderson & Watson (the plaintiffs in this case) was a stockholder in the corporation, and the instruction given by the court is to the effect that because of that fact the plaintiffs could not recover. In the case of Kritzer v. Woodson, 19 Mo. 327, it was held that this section was intended to protect creditors, and not stockholders; and that, as the plaintiff was simply a stockholder who had paid a debt due by the company, under that clause of the statute which renders stockholders individually liable to a certain extent for the debts of the company, he could not recover it back from the company. In other words, he had paid no more than the statute required him to pay, and he could not recover it back from the company; he was not a creditor. It is clear that a stockholder could not make himself the creditor of a corporation by discharging a liability which the law fixes upon him, because he simply pays his own debt; but in the case before the court this was a *bona fide* debt contracted by the corporation while the defendants were directors, and that not in favor of the stockholders alone, but in favor of a firm of which he was a member. Can it, then, be said that Anderson & Watson were not creditors of the corporation? If the contract had been made with Anderson alone, he would certainly be a creditor. Nowhere in the decision referred to has the Supreme Court said that a stockholder could not become a creditor of the corporation, but simply that he was not a creditor in the case then under

consideration. The directors are agents of the corporation, and, when they contract a debt clearly beyond the ability of the corporation to pay, they ought, upon principle, to be held liable to third persons, upon the ground that if an agent exceeds his authority he becomes liable as principal; and this seems to be the reason of the provision of the statute. There is no ground for saying that the statute is penal, and therefore ought not to be extended beyond the necessary meaning of its language. It is intended to protect creditors—not to punish the directors. Is there any reason, under the language or principle of the statute, why Anderson should not be protected as a creditor? His rights cannot be separated from those of his partner, Watson, because it was a partnership debt.

*Cline, Jamison & Day, Bakewell & Farish,* and *F. L. Gottschalk,* for defendants in error.

Defendant Blattau relies upon the admitted fact that one of the plaintiffs herein was, at the time of the pretended accruing of liability of defendants, under section 20 of the corporation act (R. C. 1855, ch. 34, § 20), a stockholder of the very corporation in which they were directors. The provisions of the act were clearly intended for the protection of creditors of the corporation alone, and not for its own members. A corporator cannot avail himself of the remedy against a director given by the statute on which plaintiffs proceed, if a corporator at the time of the creation of the excessive debt. (Kritzer v. Woodson, 19 Mo. 327.)

FAGG, Judge, delivered the opinion of the court.

This suit was instituted, in the St. Louis Court of Common Pleas, against Charles Blattau, Francis Beehler, John Rugg, and Henry Prante. The defendants were sued, as directors of the Missouri Spinning Company, to recover the amount of several judgments which had been rendered in favor of the plaintiffs against the corporation, and which they were unable to collect by legal process.

The alleged liability of defendants rests upon the provisions of section 20, article I, of the act concerning corporations (R. C.

1855, p. 374). One of the plaintiffs was a stockholder in the company, and the decision of this case turns exclusively upon the construction of the statute referred to. The section is as follows:

"The whole amount of the debts of any corporation hereafter created, except banking companies, shall not exceed the amount of its capital stock actually paid in ; and in case of any excess, the directors under whose administration it shall happen shall be jointly and severally liable to the extent of such excess for all the debts of the company then existing, and for all that shall be contracted so long as they shall respectively continue in office, and until the debt shall be reduced to the said amount of the capital stock."

A proviso is added, exempting such of the directors as might be absent at the time of contracting the debt, or who had objected to the same and afterward given notice to the stockholders as required by the act. In this case it was shown that the debts created by the corporation exceeded the amount of its capital stock actually paid in, by a sum much larger than that claimed to be due the plaintiffs. There was no attempt to prove that the defendants, or either of them, were embraced in the exceptions of the proviso. The court thereupon instructed the jury at the trial that if they believed "from the evidence that the plaintiff Watson was a stockholder of the Missouri Spinning Company, and that he was such stockholder at the time that the liability of the said company to said plaintiffs was contracted, the plaintiffs are not entitled to recover." The plaintiffs submitted to a non-suit, and, after an unsuccessful motion to set it aside, bring the case here by writ of error. No notice seems to have been given of the suing out of the writ of error ; and as the appearance of only one of the defendants in error, Charles F. Blattau, has been entered, the writ must be dismissed as to the remainder.

The case of Kritzer v. Woodson, 19 Mo. 327, is relied upon to sustain the action of the court below in giving the instruction as above stated. That was a case where a stockholder in a corporate company sued the directors to recover back an amount which he had been compelled to pay to the creditors of the company. The law made him liable to the extent of double the

amount of stock in the company. Its entire assets having been exhausted, he was compelled to pay the creditor of the company the amount which he sought to recover in that suit, upon the ground that the debts of the corporation had been suffered to accumulate to an amount in excess of the capital stock actually paid in. But the court said this statute was given for the protection of creditors, and not the individual members of the company. It is true that for any improper management of the affairs of the company, by which a liability might be incurred on the part of the directors to the individual members, an action could be maintained against them. Such liability, however, exists independent of this statute. It is clear that the point decided in that case was that the statute was intended for the protection of such parties as really held debts against the company.

The stockholder, by discharging an obligation which the law imposed upon him, could not make himself the creditor of the corporation. His claim was in no sense a debt due by the company, and hence it was not covered by the provisions of a statute made for a different purpose altogether. This seems to have been a debt contracted by the company in the prosecution of its business, and the liability of the defendants cannot be affected by the fact that one of the plaintiffs was a stockholder. Certainly the interests of his co-partner ought not to suffer on account of his relation to the corporation. The obligation differs in no essential particular from any other incurred by the company; and if it was due and owing to the stockholder alone, we can see no good reason for depriving him of the protection intended to be given to all creditors alike.

The instruction was improperly given, and the judgment must be reversed. The other judges concurring, the judgment of the Court of Common Pleas is reversed, and the cause remanded to the Circuit Court of St. Louis county for further trial in accordance with this opinion.