NICHOLAS SCHAEFFER, Respondent, *v.* PHŒNIX BREWERY
COMPANY ; JACOB M. GRUEN, STOCKHOLDER, Appellant.

May 29, 1877.

1. In an action against a corporation, brought by the president thereof, service
upon the president and secretary is good, where there is no vice-president.
2. Where the defendant, incorporated under the name of the "Phœnix Brew-
ery Company, St. Louis, Mo.," is sued as "Phœnix Brewery Company,"
there is no variance and no misnomer, the words "St. Louis, Mo.," being
merely descriptive.
3. In a proceeding by motion for execution against a stockholder (Wag. Stat.
291, sec. 13), the defendant cannot demand a trial by jury as a matter of
right.
4. Where the plaintiff, a stockholder, has obtained judgment against the cor-
poration, the question as to whether his stock has been paid up cannot arise
upon his motion for execution against another stockholder.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

JECKO & HOSPES, for appellant: One cannot be both plaintiff and defendant in the same action. — *Methodist Church* v. *Stewart*, 27 Barb. 553; *Eastman* v. *Wright*, 6 Pick. 316; *Livingston* v. *Livingston*, Const. (S. C.) 428; *Blaisdell* v. *Ladd*, 14 N. H. 129. Service of summons. — *Portland Bank* v. *Hyde*, 2 Fairf. 196; *Bosanquet* v. *Wray*, 2 Marsh. 319; 6 Taunt. 597; *Harvey* v. *Kay*, 9 Barn. & Cress. 356; *Griffith* v. *Chew*, 8 Serg. & R. 30; Wag. Stat. 294, sec. 26. The remedy provided in section 13, page 291, of Wagner's Statutes, extends only to creditors who are not stockholders. — *Bailey* v. *Banckner*, 3 Hill, 191; *Andrews* v. *Collander*, 13 Pick. 484; *Harish* v. *First Parish*, etc., 23 Pick. 112; *Garrison* v. *Howe*, 17 N. Y. 458; *Wait* v. *Ferguson*, 14 Abb. Pr. 379. Nor does section 13 apply to business and manufacturing corporations. — *Haskins* v. *Harding*, 2 Dill. 100.

CHESTER H. KRUM, for respondent; H. N. HART and J. M. & C. H. KRUM of counsel: Being an officer or stockholder of a corporation does not disqualify one from suing the corporation. — *Culbertson* v. *Wabash Nav. Co.*, 4 McLean, 547; *Anderson* v. *Blattau*, 43 Mo. 47; *Brinham* v. *Wellersburg Coal Co.*, 47 Pa. St. 49. Variance and misnomer. — *Burnham* v. *Bank*, 5 N. H. 459; *Kentucky Seminary* v. *Wallace*, 15 B. Mon. 43; *International Ins. Co.* v. *Davenport*, 57 Mo. 289; *Hammond* v. *Shepard*, 29 How. 188; *Thatcher* v. *National Bank*, 19 Mich. 196; *Pierce* v. *Somersworth*, 10 N. H. 369; *Bover* v. *State Bank*, 5 Ark. 233; *Washington National Bank* v. *Lee*, 112 Mass. 521; *South School District* v. *Blakeslee*, 13 Conn. 227. The liability of stockholders is several, not joint. — *State Savings Bank* v. *Kellogg*, 63 Mo. 540; *Perry* v. *Turner*, 55 Mo. 423; *Bank* v. *Ibbotson*, 24 Wend. 473: *Baker* v. *Backus*, 22 Ill. 79. A stockholder who is a creditor may enforce his claim as any other creditor. — *Pierce* v. *Part-*

*ridge*, 3 Metc. 44–48; *Dauchy* v. *Brown*, 24 Vt. 179–205; *Simonson* v. *Spencer*, 15 Wend. 548. Defendant cannot demand a jury as a matter of right in this proceeding. — *Hinsley* v. *Baker*, 10 Mo. 158; *Edmundson* v. *Garnhart*, 59 Mo. 85.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding under section 13 of the act concerning corporations (Wag. Stat. 291), against defendant as a stockholder in the corporation.

Section 13 provides: " If any execution shall have been issued against the property or effects of a corporation, and if there cannot be found whereon to levy such execution, then such execution may be used against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; provided, that no execution shall issue against any stockholder except upon an order of the court in which the action shall have been brought, made upon motion in open court, after sufficient notice in writing to the person sought to be charged, and upon such motion such court may order such notice to be issued accordingly."

Plaintiff had obtained judgment by default against the Phœnix Brewery Company, a manufacturing corporation, organized under the general law of this State, returned *nulla bona.* On a hearing, the defendant demanded a jury, which was refused.

Plaintiff then offered in evidence the judgment and proceedings in the original cause, to which defendant objected, on the ground that the judgment was void on its face for want of due service of summons, and that there was a variance between the name of the corporation sued and the name in the articles of association and certificate offered in evidence. There was a judgment for plaintiff; and defendant appeals.

1. The first point made by appellant is that the service in

the original suit was bad because made upon the plaintiff in the suit himself, as president of the defendant corporation.

The service was made upon Nicholas Schaeffer, president, and John Ahlfeld, secretary of the defendant, the Phœnix Brewery Company. It appeared that Hurck, the last vice-president of the company, was dead before the institution of suit. There is no suggestion of fraud in regard to the judgment against the defendant corporation; and it is not, and, in view of the decisions on this point in this and other States, could not be successfully contended that being an officer or stockholder of a corporation disqualifies from maintaining an action against the company. *Anderson* v. *Blattau*, 43 Mo. 42; *Brinham* v. *Wellersburg Coal Co.*, 47 Pa. St. 43. It is true that no one can be both plaintiff and defendant in the same action; but here Schaeffer is not defendant. He is plaintiff, and the Phœnix Brewery Company defendant. It is, however, said that, as president, he was the representative of the company, and the proper person to take steps to defend the suit.

The law provides (Wag. Stat. 294, sec. 26) that when summons is issued against an incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company, with the person having charge thereof, shall be deemed sufficient service.

It appears, therefore, that service upon the president of the company is not indispensable; the president is a chief officer of the company, but service upon another chief officer is good, and in the absence of the president the writ may be left at the office of the company, with the person in charge.

We think that it is a reasonable construction of the law to say that, when the vice-president sues the company, service upon another chief officer is sufficient, and that when the president is dead, the secretary is such another chief officer within the meaning of the law. We do not say that where the president of a corporation has a *bona fide* claim against

it he might not direct summons to be served upon himself as president, in his own suit, and that such service would be necessarily bad; but we think that in this case, service being had upon both the president and the secretary, it was a good service, though the president was the plaintiff in the suit. If, as is contended by counsel for appellant, service upon the president in such a case would be worthless, then the very case seems to arise for which the statute provides; the president is not absent, but there is no president upon whom service can be made, and in that case it is made upon another chief officer.

2. It is next contended by appellant that the judgment is void because the defendant is sued as "Phœnix Brewery Company," whilst its articles of association show its corporate name to be "The Phœnix Brewery Company, St. Louis, Mo." There is here no substantial variance. Enough appears to show what corporation was intended, and there is no question of identity in the case. A misnomer not pleaded in abatement is disregarded when the name has not been substantially mistaken. *Burnham* v. *Bank*, 5 N. H. 459; *International Ins. Co.* v. *Davenport*, 57 Mo. 289. Indeed, it may be said in the case at bar that there was no misnomer; the words "St. Louis, Mo.," seem to be merely descriptive, and it is not clear that they are a part of the corporate name. If they are, there is here no variance that will avoid this judgment.

3. It is further urged that whether Gruen was or was not a stockholder was a question of fact which fairly arose in the case; that issue was joined on this question; that it was a material fact, and that he was entitled to have a jury to try this issue.

It was long ago decided in this State that in proceedings by motion, as was the proceeding in the present case, a jury cannot be demanded as a matter of right, and that it is not error to refuse to grant an issue to try a disputed fact involved in a motion. *Hensley* v. *Baker*, 10 Mo. 158.

There is, therefore, no violation of the constitutional provision that the right of trial by jury, as heretofore enjoyed, shall be preserved, in this action of the trial court.

That Gruen was a stockholder of the corporation defendant was clearly shown; his signature to the subscription book was established; he had given a proxy to vote his stock, and it had been voted; he had paid one assessment, and promised to pay another.

4. It is further contended by counsel for appellant that section 13 of the corporation law (Wag. Stat. 291, sec. 13), if it applies to creditors who are themselves stockholders, at least does not apply to creditors, stockholders in default, or who have not paid their own stock subscriptions.

Thus, it is said that in the present case the evidence shows that Schaeffer, one of the incorporators and a stockholder of the defendant corporation, became, as the evidence shows, a subscriber to fifty shares of capital stock of the company, at the par value of $5,000, on which he paid $2,000, or forty per cent, and for the remaining $3,000 he is himself a debtor of the company. Mr. Gruen became a stockholder for five shares, or $500, and paid ten per cent, and owes $450 to the company. Schaeffer, whilst thus owing the company, gets judgment against it for $72,445, and seeks in this proceeding to compel a stockholder in default to pay what he owes to the company in satisfaction of Schaeffer's judgment. But, it is objected, if Schaeffer can thus compel Gruen to pay 100 per cent in full of his stock, Gruen, having done so, might compel Schaeffer to pay up his stock in full to reimburse Gruen.

There seems to be nothing in this objection. The plaintiff in the present action has an unsatisfied judgment against the corporation for over $72,000; the corporation, therefore, owes him more than $69,000 over and above any liability of his on account of his stock. So far as the record shows, appellant and respondent are the only stockholders who have not paid their stock. But, be that as it may,

proceedings of this description must begin against the stockholders severally, and no question as to whether Schaeffer has paid up his stock can arise in this proceeding, in which the equities between the stockholders are not to be settled. Schaeffer has obtained his judgment, and, like any other judgment creditor of the company, may proceed against any stockholder, who, if he has equities for contribution from the other stockholders, cannot set them up as a defence against this execution, but must assert them against the other stockholders in another action. It seems plain enough, though it is quite immaterial here, that as to any claim for contribution against Schaeffer, his judgment is a complete protection to him, and that there is, therefore, no danger of a cross-action. *Garrison* v. *Howe*, 17 N. Y. 462. Schaeffer, it appears, is not a debtor of the corporation, but its creditor to a very large amount. With the defendant the case is otherwise; he owes the corporation for nine-tenths of his stock.

We see no error in this record prejudicial to defendant's rights. The judgment of the Circuit Court is affirmed. All the judges concur.