JOHN W. WEBBER ET AL., Respondents, *v.* GEORGE E. LEIGHTON ET AL., Appellants.

### March 30, 1880.

In a proceeding, under the statute, against a holder of unpaid shares by a creditor of the corporation, the shareholder may offset a matured indebtedness of the corporation to him.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

GLOVER & SHEPLEY, for the appellants, cited : *Schaeffer v. Phœnix Brewery Co.*, 4 Mo. App. 120 ; *Noell v. Gaines*, 68 Mo. 649 ; *Pond v. Smith*, 4 Conn. 295 ; *Railroad Co. v. Rhodes*, 8 Ala. 206 ; *McClellan v. Kinnaird*, 9 Gratt. 352 ; *Marshall v. Cooper*, 43 N. Y. 46 ; *Lindsay v. Paige*, 2 Paige, 581.

J. H. WIETING, with whom are I. C. TERRY, and BROAD-HEAD, SLAYBACK & HAEUSSLER, for the respondents : As against a *creditor* moving for execution against a *stockholder*, the latter cannot set off a debt of the corporation. The debts are not mutual, or in the same right. — Thomp. on Stock.; sects. 381–387 ; Story's Eq. Jur. (11th ed.) 1436 a, 1437 b. But, in any event, the principal of the bonds, not being due until the year 1886, cannot be set off. The stockholder, being sued for a debt now due from him to the corporation, *in trust for creditors*, cannot offset something that the corporation has promised to pay him seven years hence. —*Bradley v. Angell*, 3 N. Y. 475 ; *Scogin v. Hudspeth*, 3 Mo. 123. The provision of the third-mortgage deed (not inserted in the bonds at all) that the bonds shall become due, in certain contingencies, before their date of maturity, was intended

merely to facilitate distribution of the proceeds by the trustees in case of foreclosure and sale of the mortgaged property, and does not make the bonds due for other purposes. — *Morgan* v. *Martien*, 32 Mo. 438 ; *Mason* v. *Barnard*, 36 Mo. 384 ; *Hurck* v. *Erskine*, 45 Mo. 484 ; *Whelan* v. *Riley*, 61 Mo. 565.

BAKEWELL, J., delivered the opinion of the court.

The case was submitted with *Keystone Bridge Company* v. *Barstow, ante,* p. 494. The statement in that case need not be repeated here ; the principles involved in both cases are the same up to a certain point, and are investigated in *Skrainka* v. *Allen*, 7 Mo. App. 433, to which we refer.

The additional question in this case arises on this state of facts : Bridge, in his lifetime, purchased of the corporation twenty-five of its bonds, each for $1,000, with annual interest at seven per cent, with interest coupons. The bonds were dated March 1, 1874, and, by their terms, matured in March, 1886. The bonds vested in the trustees of Bridge before judgment against the company. The interest after March was unpaid, and due at semi-annual periods. Bridge had paid $15,000 for the bonds. These bonds were secured by a third mortgage, which secured a series of bonds amounting to $3,000,000. · The mortgage provided that the bonds, though not due on their face, should mature at once if certain conditions were broken. It was admitted that these conditions had been broken, by non-payment of interest and default as to the two prior mortgages, and that, under the former mortgages, a decree of foreclosure and sale had been obtained on December 20, 1878, the property in each mortgage being the same. The trial court in this case deducted from the amount found to be unpaid on the shares of Bridge the coupons due at the date of the motion for execution against defendants as shareholders of the corporation, but refused to credit the unpaid stock with the principal of the bonds.

The only question presented for our determination is,

whether the trial court committed error in refusing to allow the trustees of Bridge, who stand before the court precisely as Bridge would do if alive, to set off, as against the amount due by them for unpaid stock, the principal sum represented by the bonds of the corporation held by defendants, and which appellants claim are not due. As to this, appellants contend that the bonds are not due, but that if they were due they would constitute no defence to this motion. And appellants do not admit that the action of the trial court in allowing defendants credit for the matured interest was correct.

So far as the interest due is concerned, we see nothing erroneous in the action of the trial court. Stockholders who owe the company for their subscription may nevertheless obtain judgment against the corporation for any balance due them, and, as judgment creditors of the corporation, may proceed under the statute against other stockholders, as we held in *Schaeffer* v. *Phœnix Brewery Company*, 4 Mo. App. 116. They can, therefore, offset an indebtedness of the corporation to them against a claim for unpaid stock at the suit of a judgment creditor of the corporation. A stockholder, with us, is in no worse position than another creditor. Where, as in England, there are winding-up acts, in the nature of bankruptcy acts, framed on the principle of an equitable distribution of the assets *pro rata* amongst creditors, the amount due by a stockholder for the stock could not be reached by a shareholder of unpaid stock, being a creditor, in such a way as to give him a preference over other creditors. He would be compelled first to pay for his stock, and then to come in with other creditors. The liability for stock unpaid, whether created by statute under a double-liability clause or not, is a trust fund for the benefit of creditors, and for all creditors, undoubtedly; and they look to it, and perhaps rely upon it, in giving credit to the company. Nevertheless, the company, whilst viable, if it is attempted to call it in, could be met by any claim for off-

set on the part of a stockholder. The question would be, how much, if anything, on striking a balance, does the stockholder really owe for his stock? And we think that, under our statute, it is meant that the stockholder should be liable to a judgment creditor, not for the difference between the amount actually paid on account of stock and the par value of the stock, but for the amount which, after deducting the amount due by the company to the stockholder, would be found to be unpaid. Though a creditor who is a stockholder cannot, in general, recover the full amount of his debt by an action at law against another stockholder, but must proceed in equity for contribution, yet we have held that a judgment creditor, though a stockholder holding unpaid stock, is not therefore precluded from proceeding against another stockholder, under the Corporation Act, for the satisfaction of his execution. In New York it has been held that the personal liability of a stockholder to creditors of a company is at an end when he has paid or been charged with debts of the company to an equal amount. *Briggs* v. *Penniman*, 8 Cow. 397 ; *Bank* v. *Ibbotson*, 24 Wend. 473. The proceeding in *Briggs* v. *Penniman* was to compel payment under the double-liability clause, where it was no defence that the stockholder had paid full value for his stock, but he was compellable to pay as much more, if necessary, to discharge debts due by the corporation at the time of its dissolution. It was held, on a bill filed to compel such payment, that shareholders should be allowed advances made for the benefit of the company beyond the value of their stock respectively, and this whether such advances were made before or after dissolution. The senate followed in this respect the views announced in the opinion of Judge Spencer, and the decree was accordingly. This was a proceeding in equity. But subsequently the same question was presented as it is presented in this case, by a proceeding at the instance of a creditor of the corporation to enforce the liability of a single

stockholder. *Garrison* v. *Howe*, 17 N. Y. 458. Defendant produced evidence to show that he had paid debts of the company to a large amount, and was its creditor to more than the amount of his stock. Judge Denio, in delivering the opinion of the Supreme Court, says: "A distinction is suggested between such an action as *Briggs* v. *Penniman*, where the application of the aggregate of all the liabilities of the stockholders was sought to be enforced, and where the judgment would make a distribution of that and of the other means for the payment of the debts among all the creditors, and an action like the one under review, by a creditor against a single stockholder, in the nature of an action of debt at law. It is true that, where an account is to be taken and distribution made, it would depend upon the relative amount of the debts and of the means of payment whether a particular stockholder would be required to pay the whole or only a part of the amount for which he might be liable under this provision of the statute, whereas in a suit by one creditor against a single stockholder the whole liability would be enforced if the debt of the plaintiff was so large as to require it; and, on the other hand, if the debt sued for was less than the amount of the defendant's stock, the latter would be required, in that action, to pay only as much as would satisfy the debt, though the case might be such that, upon a general account, the whole extent of his liability would be required to be enforced. These considerations show that the nature and the results of the two forms of proceeding are widely different. It is, however, well settled that a creditor may proceed by suit in the nature of a common-law action against a single stockholder, and both policy and convenience require that he should have that right; for in the case of small debts the proceeding for an account, in the nature of a bill in equity, would be so tedious and expensive as to destroy the value of the remedy. But if the stockholder thus prosecuted can show that he has already paid on account of the debts of the cor-

poration a sum equal to the liability which the statute has imposed, namely, the amount of his stock, he will, so far as that remedy is concerned, have defeated the action. The creditor must, therefore, take care to sue only a stockholder who cannot establish such a defence ; or if he cannot find such a stockholder, but ascertains that the case is such that, upon the winding-up of the concern, he could realize a part or the whole of his demand, he must adopt that form of proceeding. The doctrine that a creditor may proceed at law against a single stockholder was settled in *Bank* v. *Ibbotson*, 24 Wend. 473. It was held that the creditor was not required to go into the Court of Chancery for an account, but might proceed directly at law. It was said that if the defendant could show the payment of debts, or a personal charge in respect to him, to the amount of his stock, there was an end to further liability. I will add that, if this were not so, great injustice might be done. Suppose a stockholder to be a creditor to just the amount of his stock ; he ought not to be required to pay anything unless the sum of the corporate debts is larger than the aggregate of all the liabilities of the stockholders. But he cannot, in this class of actions, have an account, because the proper parties are not before the court. He must, therefore, upon the doctrine of the plaintiff in this suit, pay the debt sued for, though in equity he is not liable for anything. The rule to be deduced from the case seems to be this : If the creditor cannot find a responsible stockholder who is not at the same time a creditor to the amount of his stock, he must proceed for an account, if he ascertains that such a proceeding will result in recovering his debt. So, if a stockholder be sued to enforce his individual liability, in a case where an account and the enforcing of all the liabilities would relieve him from the whole or a part of the debt claimed, he may himself resort to a suit for such account and for a distribution.''

So far Judge Denio, with his usual clear apprehension of

the practical difficulties to be encountered in the application of the statutory remedy. We are aware that there are cases that look the other way, and that technical objections have been held sufficient ground for denying to the stockholder in any case a right of set-off in a proceeding by the creditor under the statute. We have already followed the rule laid down in the cases cited in *Schaeffer* v. *Phœnix Brewery Company*, *supra*, and the Circuit Court has followed it in the case at bar.

If we are right in this, then no error was committed by the Circuit Court in allowing the defendants credit for the interest due upon the coupons. But if the defendants should be allowed for the coupons, they should also have been allowed for the bonds themselves. The bonds were due upon their face, under the provisions of the mortgage; because it is decided by the Supreme Court that where, under a mortgage, the notes mature for the purposes of sale or foreclosure, they mature also for a general judgment and for general purposes. *Noell* v. *Gaines*, 68 Mo. 649. Whatever objections may be made to a doctrine which seems to incorporate the provisions of a collateral instrument given for one purpose into another instrument made for another purpose, — and some of these are set out in the dissenting opinion in that case, — we are bound by its authority. Under the ruling in that case, we consider that the bonds themselves were due. As the bonds were due, defendants were as much entitled to credit for them as for the interest coupons. On any theory of the rights of the stockholder defendants, this judgment is, therefore, erroneous.

For the reasons stated, it will be reversed and the cause remanded. Judge Hayden concurs; Judge Lewis is absent.