35   237
44   176
35   237
47   245
35   237
130m 163

# L. A. COQUARD, Appellant, v. GEORGE PRENDERGAST, Respondent.

### St. Louis Court of Appeals, April 2, 1889.

1. **Practice, Appellate**: PROCEEDING AGAINST STOCKHOLDER. Upon a motion by the judgment creditor of a corporation to hold a stockholder liable under Revised Statutes, section 736, where all the evidence is set out in full in the record, an appellate court may deal with the facts as fully as if it were a case in equity.

2. **Corporation**: LIABILITY OF STOCKHOLDER. The date at which the liability of a stockholder to the judgment creditor of a corporation begins, under the statute, is the date of the return of *nulla bona* on the execution against the corporation. A defense that, at the time of the filing of the motion, the defendant was a creditor of the corporation to an amount exceeding the demand of the judgment creditor, is therefore ineffectual.

3. **Corporation**: LIABILITY OF STOCKHOLDER. Upon a return of *nulla bona* on an execution against a corporation, the liability of a stockholder to the judgment creditor for any amount, remaining unpaid on his stock, becomes a fixed personal liability which he cannot cast off by a transfer of the stock, or by the subsequent acquisition of a claim against the corporation, or in any way, unless by establishing a *bona-fide* indebtedness of the corporation to him, existing at the time when the return of *nulla bona* was made.

4. **Evidence**: JUDGMENT CREDITOR'S CLAIM. Evidence offered by the defendant, to show that the judgment creditor purchased his demand at a discount after the insolvency of the corporation, was wholly irrelevant, and erroneously admitted.

5. **Evidence**: RES INTER ALIOS ACTA. The record of a proceeding in equity by creditors of the corporation against the corporation and some of its stockholders, to which the present plaintiff was never made a party, was *res inter alios acta* and irrelevant, and was erroneously admitted in evidence for the defendant. So also was the record of a judgment in favor of the defendant, against the corporation, rendered long after the filing of the motion for execution against the defendant, and wherein the present plaintiff was not a party.

*Appeal from the St. Louis City Circuit Court.*—Hon.
LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Fisher & Rowell* and *Joseph H. Zumbalen,* for the
appellant.

The court below erred in admitting the deposition
of Coquard as to when he acquired, and how much he
paid for the scrip on which his judgment against the
bank was founded.    His judgment against the bank
was conclusive against its stockholders.   *Bisset v. Nav.
Co.,* 15 Fed. Rep. 353, and cases in note on page 361 ;
*Clapp v. Peterson,* 104 Ill. 26 ; *Schaeffer v. Ins. Co.,* 46
Mo. 248 ; Taylor on Corp., sec. 737.    Therefore, the
testimony objected to was irrelevant and immaterial.
*Manville v. Roever,* 11 Mo. App. 317 ; *Grew v. Breed,* 10
Metc. 569 ; Thomp. on Liability of Stockholders, sec.
394.    The lower court erred in admitting the record in
the  case of Prendergast *v.* Butchers and Drovers' Bank,
as the judgment in that case was incompetent and irrel-
evant as against the appellant.    One not a party to a
suit is not bound by the judgment therein.   *Dugge v.
Stumpe,* 73 Mo. 513.    The lower court erred in admit-
ting the record in the case of Washington Savings Bank
*et al. v.* Butchers and Drovers' Bank *et al.* against
appellant's objection.    The pendency of one action can-
not be pleaded in bar of another.   *Iron Works v. Chit-
tenden,* 4 Bosw.    406 ; Thomp. on Liability of Stock-
holders, sec. 398.    By the institution of this proceeding
appellant acquired a right of priority, which a subse-
quent suit could not displace.    Thomp. on Liability of
Stockholders, sec. 424; *Butler v. Cole,* 43 Me. 401 ;
*Butler v. Ingalls,* 47 Me. 541 ; *Benton v. Jerman,* 79
Mo. 148 ; *Manville v. Karst,* 16 Fed. Rep. 173 ; *Bitner
v. Lee,* 25 Mo. App. 559.

*W. B. Thompson*, for the respondent.

There was no error in admitting evidence as to the nature of the judgment recovered by the plaintiff in the case and it seems paradoxical that the plaintiff should object to the same evidence offered by plaintiff against defendant and ask for a reversal of the judgment on the ground that such evidence was inadmissible.   Plaintiff relied upon the same kind of evidence as defendant, and if the authorities cited by the plaintiff are correct, then plaintiff is not entitled to recover in this action on the strength of the authorities which he has cited in his brief.   In an action at law a stockholder of a corporation is entitled to off-set any demand held or owned by such stockholder against the corporation in favor of any creditor proceeding against the stockholder.   This was the decision of the court below, and this decision is based upon the decisions of the supreme court of this state.   *Jerman v. Benton*, 79 Mo. 148; *Shickle v. Watts*, 94 Mo. 410.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by a judgment creditor of a corporation, namely, the Butchers and Drovers' Bank, against a stockholder therein, by motion for an execution, under the provision of Revised Statutes, section 736.   Judgment was rendered for the defendant denying the motion, and the plaintiff prosecutes this appeal.

It appeared at the trial that the Butchers and Drovers' Bank issued a large quantity of scrip, by which it agreed to pay various sums, stated in each piece of the scrip, to the bearer, on or before August 1, 1880 ; that the bank became insolvent and ceased to do business in 1877 ; that the plaintiff was not a creditor of the bank at the time when it became insolvent and ceased to do business ; that subsequently to the suspension of the bank the plaintiff, who was a broker, dealt in this dishonored scrip, buying and selling it, and

purchased large quantities of it at a discount prior to the bringing of the suit against the corporation on which this motion is founded, paying prices for it varying from fifty to seventy-five cents on the dollar. On the fourth of November, 1881, the plaintiff recovered, in the circuit court of the city of St. Louis, a judgment against the Butchers and Drovers' Bank, in an action on various items of this scrip, in the sum of $1554.09 ; and he thereafter sued out an execution upon said judgment, which was returned *nulla bona* on December 5, 1881. Thereupon, on the sixteenth day of February, 1882, the plaintiff filed the present motion against the defendant stockholder, for an execution against him under the statute. The defendant was at that time and also at the time of the trial of the motion, the owner of ten shares of stock in the corporation, of the par value of one hundred dollars each, upon which but fifty cents on the dollar had been paid in, so that he was indebted to the corporation in respect of his shares in the sum of five hundred dollars. After the failure of the bank many judgments were rendered against it, exceeding in the aggregate one hundred thousand dollars in amount, and at the trial of this motion about eighty thousand dollars in amount of said judgments remained unsatisfied. Judgment creditors of the corporation were proceeding against stockholders by motion, to subject their unpaid balances to execution, and such a motion had been prosecuted against this defendant by Mr. Welch, and another by Mr. Dillon. With the view of defeating any motion which might be prosecuted against him for execution by any judgment creditor of the corporation, the defendant purchased six hundred dollars of the scrip of the corporation, above described, at twenty-five cents on the dollar, paying therefor the aggregate sum of one hundred and twenty-five dollars. Whether he purchased this scrip before or after the execution against the corporation on the plaintiff's judgment had been returned *nulla bona* does not

appear. On the fourth of June, 1885, the defendant recovered in the circuit court of the city of St. Louis a judgment against the corporation, upon the scrip thus purchased, in the aggregate sum of $646.60.

It is perceived that this judgment is for a larger amount than five hundred dollars, the unpaid balance which the defendant owes the corporation in respect of his shares of stock. He pleads this judgment as an offset or extinguishment of his liability against the plaintiff's motion, alleging that he held the scrip on which the judgment was founded at the time of the filing of this motion against him.

Several errors were manifestly committed on the hearing of the motion ; and we have examined the record with care with the view of seeing whether, notwithstanding these errors, we can affirm the judgment as being for the right party. In proceedings by motion against stockholders where all the evidence is set out in full in the record, we understand that we are possessed of the case for the purpose of dealing with the facts as fully as we should be possessed of a case in equity.

The case of *Merchants' Ins. Co. v. Hill*, 12 Mo. App. 148, 165, where we held that we could only deal with the evidence as in a case at law, was a case where the evidence was not set out in full in the bill of exceptions, but where the bill of exceptions merely recited what the evidence *tended to show*. If, therefore, we can see that, irrespective of any erroneous rulings which the trial court may have made, the judgment denying the motion for execution was for the right party, we must affirm it.

But we cannot say that this judgment was for the right party, for one conclusive reason. One of the defenses which was set up was that, *at the time of the filing of the motion*, the defendant was a creditor of the corporation in an amount exceeding the sum of five hundred dollars, his indebtedness to the corporation in

respect of his shares. This defense was not good in law, and the fourth paragraph of the answer in which it was set up might have been stricken out on motion. This question is governed by the decision of the supreme court in *Skrainka v. Allen*, 76 Mo. 384, reversing this court, 7 Mo. App. 434. In that case it was held by our supreme court that the date, at which the liability of the stockholders of a corporation to be proceeded against by motion for execution in respect of the unpaid balances due on their shares becomes fixed, is the date of the return, *nulla bona*, of the execution against the corporation. From that date, as was there held, the shareholder ceases to have the power to cast off his liability by transferring his shares to a third person. In so holding, the supreme court, speaking through Mr. Justice HOUGH, said: "The law evidently contemplates that the stockholders, who were such at the time the officer fails to find corporate property to satisfy an execution in his hands, shall be liable to have execution issued against them personally for any amount remaining unpaid on their stock, and this liability is a fixed one. True, no lien is created on the stock, but a personal liability is created which attaches to the stockholder, and not to the stock. In the absence of any prohibitory statute, the stock may be transferred, but the liability of the stockholder cannot be transferred with it. A different rule would in many cases result in entirely defeating the claims of creditors." 76 Mo. 391. Further on the learned judge says: "We are fully convinced that it is within both the spirit and the letter of the statute to hold the stockholder subject to execution who was such when the corporation failed to satisfy the execution against it. The corporation having failed to pay, and the return of *nulla bona* being made, the then stockholders became personally liable to the creditor to the extent of their unpaid stock, and this liability remains, although they may transfer their stock." *Ib.*

392. We regard this decision as establishing the principle which must govern the present case. If, from date of the return *nulla bona*, on the creditor's execution against the corporation, the stockholder ceases to have power to cast off his liability by transferring his stock, he must, by parity of reasoning, cease to have power to cast it off in any other way. It is important that the date, at which the liability of the stockholder to the creditor of the corporation becomes fixed, shall be established by a rule uniform in its operation, and we regard the decision of the supreme court in *Skrainka v. Allen*, *supra*, as establishing for all purposes the rule that such date is the date of the return of the execution against the corporation, *nulla bona*.

But on the theory of the defendant's answer, which places the date at which the stockholder's liability becomes fixed at the date of the filing of the motion against him, he has failed to make out his defense. The defendant himself, though explicitly interrogated upon this point, declined to say whether he was the owner of the scrip before or after this motion was filed against him, and the testimony of the party from whom he purchased the scrip equally fails to fix the date of the purchase. Although the so-called set-off of which the defendant seeks to avail himself is not strictly a set-off, for want of mutuality between him and the plaintiff, and is hence not governed by the statute relating to set-off; yet, applying the analogy of that statute to the defendant's demand, and it would fail; for a demand cannot be set-off against a plaintiff unless it existed as a demand in favor of the defendant and against the plaintiff at the time of the bringing of the action. *Reppy v. Reppy*, 46 Mo. 571; *Todd v. Crutsinger*, 30 Mo. App. 147.

We do not question the rule that, in a proceeding of this kind by a judgment creditor of a corporation, by motion under the statue for an execution against the stockholder, the latter may plead, by way of set off, as

it is sometimes called, or in diminution of his liability, as it is otherwise called, any *bona-fide* indebtedness of the corporation to him existing at the time when his liability to the creditor became fixed by the return of the execution against the corporation *nulla bona.* That such a right of set-off exists under the statute is shown by *Webber v. Leighton*, 8 Mo. App. 502; *Merchants' Ins. Co. v. Hill*, 12 Mo. App. 149; *Jerman v. Benton*, 79 Mo. 148, 155. It was also held by the supreme court in *Shickle v. Watts*, 94 Mo. 410, 418, that the so-called right of set-off does not exist where the proceeding is in equity. The reason for the distinction is plain, and we need not pursue the question further.

No other defense set up in this case was good as matter of law. The defendant pleaded and proved that the plaintiff had purchased the scrip upon which he had recovered the judgment against the corporation, upon which the present motion was founded, at a discount, after the corporation became insolvent; but the evidence adduced to support this allegation of his answer was objected to by the plaintiff and was admitted over his objections. It was totally irrelevant. It was entirely immaterial in law at what period the plaintiff became the purchaser of the scrip, or what he gave for it. Even if the plaintiff had been a shareholder and if there had been a winding up proceeding in equity, he could, upon good judicial authority, have purchased claims against the corporation at a discount and proved them as a creditor at their par value. *In re Humber Iron Works Co.*, L. R., 8 Eq. 122, per Lord ROMILLY, M. R.; *Walker v. Stillwell*, U. S. Cir. Ct., East Dist. of Missouri, cited 2 Thomp. Stock., sec. 394. But as he was a total stranger to the company, no reason exists in law why he could not buy up the scrip at such price as the holders may at the time have been willing to take for it, and thereafter recover against the corporation a judgment for its full value and enforce this judgment, in the

mode prescribed by the statute, against the stockholders. As was held by Judge DILLON in the case last cited, the judgment, not being impeached for fraud, was conclusive of his rights as a creditor. The whole deposition of the plaintiff went to prove this state of facts and nothing else. It was objected to as incompetent and immaterial. Although the objection was very general, yet, as there was nothing else in the deposition, we think the objection sufficient to save the point for review, and we hold that the court erred in admitting the deposition. The judgment in favor of the plaintiff against the corporation being conclusive of his rights as a creditor, any evidence going behind that judgment and inquiring into the grounds of its rendition was improperly admitted in this proceeding.

The court admitted in evidence, against the plaintiff's objection, the record of a proceeding in equity brought by the Washington Savings Bank and certain other parties, creditors of the Butchers and Drovers' Bank, against the said bank and numerous stockholders, in the circuit court of the city of St. Louis. From this record it appears that, upon a final hearing on the pleadings and evidence, the court rendered a judgment for the defendants. The ground of objection to this record was incompetency and irrelevancy. It was totally irrelevant to any question before the court. It was a suit in the nature of a creditor's bill. It does not appear that the plaintiff was a party to it, although a separate answer was filed by the defendant in this motion, in which he sought to make the plaintiff a party to it—but no order making him a party to it appears. Whether the pendency of that suit would have had the effect of staying proceedings under this motion, if the plaintiff in this motion had been made a party to that suit, we need not consider. As it does not appear that he was made a party to it, and as it does appear that that suit was ended by a judgment in favor of the defendants therein named, it became, on any theory, *res inter alios*

*acta* in respect to this plaintiff, and the record should not have been admitted in evidence in this proceeding.

The record of the judgment recovered by this defendant against the corporation, in the circuit court of the city of St. Louis, on the fourth of June, 1885, was also objected to by the plaintiff, on the ground of incompetency and irrelevancy, but the court overruled the objection and admitted the record. That judgment was rendered long after the plaintiff filed the present motion; he was not a party to the suit in which it was rendered; it was, therefore, *res inter alios acta* as to him. But it does not follow that it might not have been, in a proper state of the pleadings, competent evidence for the purpose of showing that the scrip which the defendant pleaded by way of set-off had been merged in the judgment. But as the defendant did not allege in his answer that he held the scrip prior to the return *nulla bona*, of the execution against the corporation, both the scrip and the judgment were immaterial evidence,—the allegation in the answer which they were offered in evidence to support not being a good defense in law, as we have already seen.

The judgment of the circuit court will be reversed and the cause remanded. All the judges concur.