AUSTIN POWDER COMPANY, Appellant, v.
COMMERCIAL LEAD COMPANY et al.,
Respondents.

St. Louis Court of Appeals, December 1, 1908.

CORPORATIONS: Liability of Stockholders: Offset Against Claim
of Creditors. In a proceeding by a judgment creditor of an
insolvent corporation against several stockholders for an
accounting whereby the liability of each of the individual de-
fendants to the corporation for unpaid stock could be deter-
mined, such stockholders, defendants, could each set off against
the demand of the judgment creditor any indebtedness due
from the corporation to them severally. The same rule is ap-
plied as in case of motion for execution in favor of a judgment
creditor against an individual stockholder; the suit not being
brought to obtain an accounting in behalf of all the creditors
against all the shareholders, nor to have the assets of the com-
pany collected and distributed pro rata, the trust fund doctrine
would not apply.

Appeal from St. Louis City Circuit Court.—*Hon. Chas.
Claflin Allen*, Judge.

AFFIRMED.

*Judson & Green* and *Harry C. Ladd* for appellant.

(1) The trial court erred in holding that the de-
fendants had a right to set off against their liability
on its unpaid corporate stock owned by them the
amounts which the corporation owed them for loans.
The corporation being insolvent, and no longer a going
concern, its assets consisting of these liabilities of stock-
holders, were a trust fund for all its creditors. Shickle
v. Watts, 94 Mo. 418; Green v. Conrad, 114 Mo. 671.
(2) By its decree the court permitted one class of
the corporation's creditors to absorb all of its assets,
while the other creditors received nothing. Equity is
equality. Gottschalk v. Storer, 85 Mo. App. 566; Jud-
son v. Walker, 155 Mo. 166; St. Louis v. Lumber Co.,
114 Mo. 74.

*Nagel & Kirby,* with *Carter, Collins & Jones* for respondent.

(1)   The right of set-off or defense was firmly established in this case.   (2)   This case being an equity suit on behalf of a limited number and not all of the creditors of a corporation to subject to the payment of their judgment, an alleged liability of certain stockholders on unpaid stock, the stockholders in this case being creditors of the corporation for amounts in excess of the unpaid stock owned by them is on all fours with the case of Bank v. Bank, 130 Mo. 155.   (3)   A proceeding in equity to subject a stockholder to such liability is a concurrent remedy with the statutory action at law given by section 984, Revised Statutes of 1899. Shields v. Hobart, 172 Mo. 510; Shickle v. Watts, 94 Mo. 410; Van Cleve v. Berkey, 143 Mo. 109; Stonecutter Co. v. Scott, 157 Mo. 520.

GOODE, J.—This case is in the nature of a suit in equity against the Commercial Lead Company, a corporation, and the individual defendants as holders of unpaid shares of stock in it.   Whether or not said defendants are the only stockholders of the company is nowhere stated in the record, but it seems they are not; for numerous other defendants were originally proceeded against and the suit dismissed later as to them for some reason not stated.   The company was organized in the summer of 1903, with a capital stock of sixty thousand dollars.   All the shares of the original capital stock were subscribed and fully paid, but in about six months the cash capital thus realized had been exhausted and the company was in debt sixty-two thousand dollars.   The stockholders raised money to pay this indebtedness and put a surplus of twelve thousand dollars in the treasury for working capital and then increased the capital stock from sixty to one hundred thousand dollars.   Still more money was needed, and

seventy-five thousand dollars was raised by the different shareholders lending the company money on its promissory notes drawing seven per cent interest and due in December, 1905, which were issued to the shareholders for the different amounts advanced by them. As an additional inducement for the loans, shares of the new stock to the aggregate par value of one-half the money advanced to the corporation, were given to each shareholder who made an advancement. The company ceased to do business July 5, 1905, and then owed ninety thousand dollars; that is to say, fifteen thousand dollars more than the seventy-five thousand dollars it had borrowed from its shareholders in December, 1903. Plaintiff obtained judgment against the Commercial Lead Company October 30, 1905, for $4,379.14 and pursuant to said judgment, an execution was issued which was returned *nulla bona* December 4, 1905. The judgment remains unpaid and defendant company has no assets out of which it can be satisfied. Under these circumstances this action was instituted for an accounting whereby the liability of each of the individual defendants to the company for unpaid stock can be determined, for a decree against each of them for the amount due from him to the company on account of his unpaid shares, and for such other relief as may be proper. Each individual defendant filed a separate answer, in which he stated the fact of his subscription to the original capital of the company and full payment of the shares then subscribed; that afterward he became the owner of other shares of the par value of ten dollars each, giving the number of the shares, and conceding they were unpaid; but setting up as a set-off, the indebtedness of the company to him for the money lent in December, 1903, and for which it had executed its promissory note as already stated. It is admitted, or if not admitted, is proved conclusively, the Commercial Lead Company owed each of the individual defendants, at the date plaintiff's execution was returned

*nulla bona,* at least twice as much as said defendant owed the company on account of unpaid shares of stock; and it is not contended the obligations of the company to the individual defendants were tainted by fraud or bad faith. These obligations accrued on account of the advancements of cash made by said shareholders of the company, while it was still a going but embarrassed concern, to enable it to pay what it owed and continue in business; and its debts were paid with these advancements. The question to be determined is whether or not these shareholders were entitled to offset, in this proceeding, what the company owed them against their liability as holders of unpaid shares. A like question came up in Jerman v. Benton, 79 Mo. 148, in a motion under the statute (R. S. 1899, sec. 985) for an execution against a stockholder to satisfy a judgment against the corporation. Judge MARTIN, then Commissioner of the Supreme Court, examined and expounded the subject on principle and authority, with his usual care and lucidity, and concluded that, in a proceeding on the statute for an execution against a shareholder, the latter might set off against the demand of the judgment creditor of the corporation, any indebtedness due from the corporation to, the shareholder. This decision was preceded by the decisions of this court in Webber v. Leighton, 8 Mo. App. 502, and Merchants Ins. Co. v. Hill, 12 Mo. App. 148, 165, in which the same ruling was made, and has been followed by the decision in Coquard v. Prendergast, 35 Mo. App. 237, 243. The reasoning on which the setoff is allowed is this: if a defunct corporation is indebted to a holder of unpaid shares, the latter should enjoy the same facilities for obtaining satisfaction of his debt any other creditor has, and not be discriminated against by permitting a judgment creditor to collect his demand in full out of the shareholder's liability on his shares. The two kinds of creditors are put on an equal footing as regards obtaining priority

of satisfaction out of the assets of the company, and their success made to depend on their comparative diligence. As the holder of unpaid shares cannot proceed against himself for satisfaction of his claim, his liability is an asset of the company which is not accessible to him by the statutory remedy, and hence his equality with other creditors ought to be protected, as regards said asset, by allowing him to set off any debt the company owes him if another creditor seeks satisfaction from him. The decisions we have cited suggest that in a suit of an equitable nature, instituted by all the creditors of the defunct company, or by one or more for the benefit of all, and against the company and all its shareholders, to have an account taken of its total assets and liabilities and the former distributed among the various creditors according to their demands, a set-off would not be allowed in favor of a holder of unpaid shares, but he would be compelled to pay his liability in full and take his proportion of the company's assets like any other creditor at large. This would be a just rule and I perceive no reason why it cannot be applied in a suit of a chancery character by one or more creditors in their own behalf, and against one or more stockholders; for the court can order the other creditors and shareholders brought in, and take an account and distribute the assets ratably. [Spurlock v. Burnett, 170 Mo. 372, 377.] But in Washington Savings Bank v. Butchers & Drovers Bank, 130 Mo. 155, the rule regarding a shareholder's right of set-off, as theretofore enforced only in proceedings on the statute for an execution, was adopted in a proceeding in the nature of an equity suit instituted by several judgment creditors of the insolvent bank against numerous shareholders; whether part or all of them is unstated. Suffice to say for present purposes, the facts of that case relevant to the question with which we are dealing, were in all respects like those of the case at bar; and the claim of the defendants therein to be allowed

similar set-offs against the suit of the judgment cred-
itors of the bank for balances due on unpaid shares,
was sustained and the prior decisions in this State
touching the question approved.  It is hinted, rather
than said, this right would not be accorded in a suit
to wind up the affairs of an insolvent corporation
through a receiver or assignee.  The later case of
Shields v. Hobart et al., 172 Mo. 491, 510, was a suit
in equity similar to this one, and the right of set-
off was upheld; but the particular demands which those
shareholders undertook to offset were rejected because
they were not proved to be *bona fide* obligations of the
company.  From the foregoing decisions it is clear the
contention of plaintiff that the assets of the defendant
company, including the amounts due on unpaid shares
of stock, became, when the company failed, a trust
fund for the benefit of its creditors to be distributed
ratably among them, is not the law to the extent. as-
serted, to-wit; that in the present suit, not brought to
obtain an accounting in behalf of all the creditors
against all the shareholders, nor to have the assets of
the company collected and distributed *pro rata* under
a decree of the court, said doctrine should be applied.

The judgment is affirmed.  All concur.