W. G. YARDLEY, APPELLANT, v. CARUTHERSVILLE MOTOR CO., A CORPORATION, DEFENDANT, LUKE VAN AUSDALL, STOCKHOLDER, RESPONDENT.*—35 S. W. (2d) 971.

In the Springfield Court of Appeals. Opinion filed February 23, 1931.

*Ward & Reeves* for appellant.

*Sharon J. Pate* and *Von Mayes* for respondent.

SMITH, J.—This cause of action grew out of a judgment the plaintiff obtained against the Caruthersville Motor Company on the 24th day of July, 1926, for $365 and costs, from which no appeal was taken. An execution was issued on this judgment returnable to the November term, 1926, and during said term, the sheriff returned said execution *nulla bona* and unsatisfied.

In August, 1927, a verified petition was filed in said cause reciting that the defendant had property subject to the execution and which it had conveyed to defraud, hinder and delay creditors

and that Luke K. VanAusdall was the president and active manager of the corporation and prayed for an order requiring him as the president to appear before the court to undergo an examination under oath touching the ability and means of the corporation to satisfy said judgment, and on the 19th day of August, 1927, VanAusdall appeared in court and gave his testimony which was taken down by the official stenographer and filed in said cause as an exhibit to the finding of the judge of the circuit court.

On March 24, 1928, the plaintiff filed in said court his motion for execution against Luke K. VanAusdall as stockholder of said corporation, said motion, caption and signature omitted is as follows:

"Comes now W. G. Yardley and states that heretofore, to-wit at the July term, 1926, of this court, he obtained a judgment in said court for the sum of $365 and costs of suit against the said Caruthersville Motor Company, a corporation duly incorporated under the laws of the State of Missouri.

"That thereafter, to-wit, on the 8th day of November, 1926, an execution was issued on said judgment against the property and effects of said company, which said execution, at the November term of said court was returned wholly unsatisfied.

"That the said Luke K. VanAusdall is a stockholder in said company and is the owner of 250 shares of the stock of said company, each being of the par value of fifty dollars, and that fifty per cent of the par value of said stock remains unpaid. That the said Luke K. VanAusdall was the original subscriber for said shares; that on the 14th day of March, 1928, written notice of the making of this application was given to Sharon J. Pate, attorney for the said Luke K. VanAusdall.

"Wherefore plaintiff prays the court to order an execution to issue against the said Luke K. VanAusdall as such stockholder to satisfy said judgment and costs."

At the same term of court VanAusdall filed answer to the motion for execution against him, which answer caption and signature omitted is as follows:

"Now comes the above named Luke K. VanAusdall by his attorneys and for his answer and defense to the motion of plaintiff for an execution against him, says that he admits that the plaintiff obtained a judgment against the Caruthersville Motor Company in this court for the sum of $365 and costs thereof, at the July term, 1926, of said court, and that thereafter, on the 8th day of November, 1926, an execution was issued on said judgment and returned *nulla bona* at the November term, 1926, of said court, but denies each and every allegation or statement in said motion contained, and for further answer and defense thereto he says that the said W. G. Yardley, the above named plaintiff, is not en-

titled to an execution on said judgment against him for the following reasons:

"1. Because said judgment was rendered after the dissolution of the said Caruthersville Motor Company as a corporation, and that at the time of the rendition of said judgment the said Caruthersville Motor Company was not a corporation and therefore said judgment was void.

"2. Because at the time of the return of said execution *nulla bona* he was not the owner of any stock of the said Caruthersville Motor Company; that prior thereto whatever stock he had owned in said company had been surrendered and said company dissolved as a corporation.

"3. Because at the time of the dissolution of said company said company was indebted to him at the time of its dissolution in a sum in excess of whatever unpaid stock he owned, if any, but he says that whatever stock of said company he owned was fully paid.

"Wherefore, he, the said Luke VanAusdall, prays the court to deny plaintiff an execution against him in said cause and for general relief."

On the 29th day of April, 1929, trial was had on said motion and answer and the finding was in favor of said VanAusdall. The decree of the court being as follows:

"Now on this day this cause again coming on for further hearing upon motion of the plaintiff for an execution against Luke VanAusdall, stockholder of defendant company, for the amount of the judgment and cost in favor of plaintiff and against the above named defendant; and the cause having been heretofore tried, argued and submitted to the court and by the court taken under advisement; and the court being now well and fully advised in the premises, all and singular, doth find the issues for the stockholders and against the plaintiff herein, and overrules plaintiff's motion herein.

"It is therefore ordered, adjudged and decreed that plaintiff's motion be and the same is hereby overruled and the cost incident to said motion is taxed against the plaintiff."

A motion for new trial was filed in due time, evidence was heard thereon, and said motion overruled, and appeal properly taken. Since this is a proceeding by motion against a stockholder of a corporation in an effort to hold the stockholder liable to the plaintiff on a judgment against a corporation to the amount of the unpaid stock in said corporation held by the stockholder, and the stockholder answered setting up his defenses, and decree was rendered in his favor, we think the courts of this State have held that this is a proceeding to be tried *de novo* here, or by the same method as a suit in equity, and we do so consider this case. [Schaf-

fer v. Brewery Co., 4 Mo. App. 115; Erskine v. Lowenstein, 82 Mo. 301; State ex rel. Raleigh Inv. Co. v. Allen, 294 Mo. 214, 219, and cases cited, 242 S. W. 77.] And we agree with the plaintiff that a creditor who has obtained judgment against a corporation, upon return of execution *nulla bona* may proceed against the holders of unpaid stock to enforce the payment of such judgment. It has been uniformly so held in this State. [Scott et al. v. Barton et al., 285 Mo. 427, 434, and cases cited, 226 S. W. 958.] The Barton case, supra also holds that the judgment against the corporation is conclusive on the stockholders.

The law is well settled that the amount due by a stockholder for unpaid stock is a part of the corporations assets and is available to pay its debts. [Raleigh Inv. Co. v. Bunker (Mo.), 227 S. W. 121, 126.]

The plaintiff contends here that the trial court decided the case upon a wrong theory and that it will be conceded by attorney for defendant, VanAusdall, that theory was that the corporation was dissolved on January 1, 1926, and was therefore legally dead before the original judgment was had against the corporation, when in fact the corporation had not forfeited its charter until January 1, 1927, after the original judgment was had.

The testimony showed that the Secretary of State had issued a certificate showing the corporation had forfeited its charter on January 1, 1926, but in the evidence taken on the motion for new trial there was introduced another certificate from the Secretary of State showing the charter of the corporation was forfeited on January 1, 1927, and a letter was introduced showing that a typographical error had been made in the first certificate and that the correct date of the forfeiture was January 1, 1927.

The attorney for the defendant does not concede in his brief that the court decided the case solely upon the date of the forfeiture of the charter, and as will be seen from the judgment itself hereinbefore set out in full, it does not limit the finding to any particular facts. The defendant insisted at the hearing on the motion for new trial that it was not competent to offer the evidence as to the last certificate of the Secretary of State and his letter regarding the date of the forfeiture of the charter, because it was not set up in the motion for new trial and that the testimony was therefore incompetent and the court should not consider it. We think it is not necessary to a decision of this case that we should determine the competency of the evidence offered on the motion for new trial, for this record shows that the original suit was filed in 1925, and the corporation's answer was filed in 1925, before any one contends now that the corporation's charter was forfeited, and its answer was unverified and in no way put in issue

the existence of the corporation, and under our laws a denial by answer under oath must be filed before the corporate existence can be questioned. [Section 1415, Revised Statutes 1919; Lawrence Lumber Co. v. Thomas, 212 Mo. App. 255, 253 S. W. 783; Higgins v. Frames, 259 S. W. 819.] Since this is a case to be determined *de novo* by us, we are confronted by the entire answer filed in this case, and in the third paragraph thereof VanAusdall alleged that the corporation "Was indebted to him at the time of its dissolution in a sum in excess of whatever unpaid stock he owned, if any, but he says that whatever stock of said company he owned was fully paid."

Under the provision of section 9764, Revised Statutes 1919 under which this proceeding is brought a stockholder is liable only to the extent of the amount of the unpaid balance of such stock held by him at the time of the execution. And in a proceeding by motion against the stockholder, he can offset against his liability any demand he may have against the corporation at the time of the execution. [Austin Powder Co. v. Commercial Lead Co., 134 Mo. App. 183, 114 S. W. 67; Steinbaker v. Retarrant Co., 133 Mo. App. 240, 113 S. W. 137.]

The certified copy of article of incorporation which was offered in evidence on the hearing of this motion and answer showed "That the amount of the capital stock is fifteen thousand dollars, divided into three hundred shares of the par value of fifty dollars each; that the same has been *bona fide* subscribed and the entire amount actually paid up by delivery unto the custody of the persons hereinafter named as the first board of directors, money, notes, and accounts fifty-four hundred and thirty dollars; machinery, tools, shop equipment and fixtures thirty-five hundred and seventy dollars; automobiles and accessories now on hand six thousand dollars, making a total of fifteen thousand dollars."

We realize that this is not proof conclusive that the stock was fully paid, and that we are not bound by the articles of agreement. [Raleigh Inv. Co. v. Bunker, 285 Mo. 440, 227 S. W. 121.] But we think it is competent evidence to be considered, along with the testimony of the defendant VanAusdall to the effect that this stock was paid in full. He testified that his stock, was paid in full, he also testified that the corporation was indebted to him in the sum of six thousand dollars. This testimony was not contradicted in any way, except by the statement he had made at a former hearing that it was half paid, and in this hearing he explained that he was mistaken, if the record showed him as saying at the former hearing that it was only half paid up, for it was paid up in full in property. The articles of agreement showed the stock paid in full by property, and the value thereof was expressed

in the articles, and there was no evidence to show that this was a fictitious value and no attempt was made to so show it, and no attempt was made to show that the defendant VanAusdall had not paid up his stock in full, except the offering of his testimony at a former hearing and as to that testimony, he explained that he had made a mistake, if he had testified as the record had quoted him. There was no testimony offered attempting to impeach VanAusdall, and his testimony of the indebtedness of the corporation to him, and of the stock being fully paid up stands uncontradicted, except of his own statement at a former hearing.

Before the defendant may be held liable for any unpaid balance on his stock, the plaintiff had the burden of showing that there was a balance due, and it was necessary to show that the value as placed on the property was a fictitious value. There should be substantial proof of at least one of these facts. Article 12, sections 8 and 9 Missouri Constitution. [West v. Meletio, 276 S. W. 611, 613; Rogers v. Mining Co., 185 Mo. App. 659, 171 S. W. 676.]

Since we are considering this case *de novo* we are not bound by the finding of the trial court, yet we should and do defer somewhat to his findings, since he was in better position to judge of the credibility of the witness than we are, and we think the plaintiff failed to show that the stock in the corporation was not paid up, or that the value of the property with which it was paid was fictitious.

The plaintiff contends that since defendant had testified that he had burned up the books of the corporation that he should not have been permitted to testify orally about the same. It was not absolutely necessary to have the books to show the value of the property placed in the corporation, nor for the defendant to know whether the stock was paid for by him. It does look rather suspicious that the books were destroyed, and might go to affect the credibility of the defendant, yet we think his credibility should be more for the trial judge than for us.

We find no reversible error in the introduction of evidence and that the plaintiff has failed to show that the defendant VanAusdall owed for stock in the corporation at the time of the return of the execution *nulla bona.* The judgment is, therefore, affirmed. *Cox, P. J.,* and *Bailey, J.,* concur.