McGirk, C. J.,
delivered the opinion of the Court.
Action of debt on a bond, with a defeasable condition. The defendant craves oyer of the condition, which is as follows: The condition of this obligation is such, that, whereas the said Elias Hector hath this day for and in consideration of the sum of eleven thousand nine hundred dollars, lawful money of the United States, paid and secured to be paid, by the said Risdon H. Price, sold and disposed of to said Risdon H. Price, the one equal undivided third part of the quantity of fourteen hundred and twenty-eight acres of land, situate in the Illinois Territory, in township 16, south range 1, east from the third principal meridian, entered by Post, Riddle & Co., in the proper land office; one other equal third part whereof is sold to Thompson Douglass; and whereas a proper deed of conveyance, and with suitable covenants, to be expressed therein, cannot be made therefor to said Risdon H. Price, until patents are obtained for said lands from the United States; now, therefore, if the said Elias Rector, his executors or administrators, do and shall within three years from the date hereof, or sooner, if patents are obtained, make or cause to be made, to the said Risdon H. Price, liis executors, administrators or assigns, a good and sufficient deed of warranty, which shall vest in the said Risdon H. Price, his heirs, executors, administrators or assigns, the fee simple estate, free and clear of all incumbrances, to the'one equal undivided third part of said quantity of fourteen hundred and twenty-eight acres of land, in the township, range and territory aforesaid, then this bond to be void, otherwise to be and remain in full íbice and virtue. Upon'which the defendant *75 pleaded that he did (setting out the .time,) well and' truly make, execute and deliver to the plaintiff, a good and sufficient deed of warranty, that vested in Price a fee simple estate in the land in question, clear and free from incumbrances, &c. Upon this plea, issue was taken to the country, and found against the defendant. The second plea states that the defendant, within the three years limited in the condition, tendered to the plaintiff a deed, executed in due form of law, &c., which vested in Price a fee simple estate to the land, clear of all incumbrances, &c., pursuing the words of the condition of the bond, and that it was refused by Price, &c., and concludes with a verification. To this plea the plaintiff replies, after craving oyer of the deed, that it was tendered and refused, but that the defendant, at the time of tendering the deed, nor since, was not seized of an estate in fee simple, free and clear of all incumbrances in the said land mentioned in said deed,&c., and concludes with a verification. To this replication the defendant rejoins, that he was seized of an estate'in fee simple, and concludes to the country; and issue is made thereon. This issue is found against the defendant, and judgment is given thereon for plaintiff, the the amount of the bond and damages. Many causes were assigned in arrest of judgment, and overruled, and on an appeal being taken to this Court, are again brought before this Court 5 but, mainly, only two points are relied on, first, that on the whole construction of the condition of the bond, it is to be taken to be satisfied when a deed is made and duly executed, which, in terms, purports to pass a fee simple estate, and contains a warranty against all incumbrances, and that the bond would emerge in the warranty; and that, inasmuch as it seems to have been in the contemplation of both the parties, that the patent must come from the United States, it was not intended that any other title should be conveyed than such as could be given by such certified purchaser; second, that the issue made and found on tire second plea is immaterial, and that the plea of tender ought to have been answered, and that such a deed as the plea sets forth, ought to have been denied. However, there is a third point, not reducible to either of the other two, which is, that in this case damages ought to have been assessed. Eirst; as to the first point made on the construction of the condition of this bond, the rule is, that where, there is no ambiguity in the words, there is no room.for construction, unless there arise an ambiguity from the conjunction of contrary sentences; in that case the whole is to be compared to each part, and each part with the whole ; here there is no ambiguity in the words, nor do we see any other ambiguity whatever. The parties state that this land y?as entered, or rather purchased, in the proper land office, by Riddle, Post & Co., without saying when, and without.saying whether the whole price was paid, or only a part ; and then they recite that, whereas conveyance cannot at that time he made with suitable covenants, till patents are obtained ; they, for that reason, postpone the final completion of the title to Price till a future period, that is, till the patents do issue, provided that event falces place within three years from that time; bat if it does not happen on or before three years, then Rector undertakes to make such deed to Price as will vest in him the fee simple estate to the land, clear of all incumbrances; and then if such deed is not made, possessing the powers just mentioned, the obligatory part of the bond is to continue to have full force and effect; but if it is done, the bond is to be discharged. It puzzles our imagination to perceive ambiguity, or room for construction in this defeasance; the facts stated in the condition by whom the land was entered or purchasfed originally, and that there would then be so me difficulty in making a deed with suitable covenants, are only matter of history *76 in the first place, and excuse in the last for the postponement of the final completion of the transaction for the- happening 'of a particular event, or for the expiration of' three years ;. and a construction that would permit this introductory matter to control the main beneficial part of the defeasance, would be preferring shadow to substance.. It is no where intimated in the condition, that a deed of such title as Rector then had,, or might have, under a purchaser who had only a certificate of purchase from the United States, should be sufficient; but it seems then to have been the opinion of , the parties, that such owner could not make a deed of such land as would vest in the jfiaintiff' a fee simple estate, free from all incumbrances, or why the postponement till the patents should issue ? Here the defendant has rested the wfiole defeasability of his bond, on making a conveyance in fee simple, but not that alone; but vesting; in the plaintiff the fee simple estate to the land, clear of all incumbrances, which at all events shall he done at the expiration of three years. We will not inquire what kind of title the defendant ought to have had in himself, before he could pass to another a fee simple estate, clear of incumbrances, as that question must have been, disposed .of by the Court before whom the issues in this cause were tried. We are of opinion the Circuit Court did right in overruling the motion in arrest of judgment so far as related to the construction to be given to the condition of this bond.
The next point of inquiry-is, whethév there was, by the replication to the second jilea, an immaterial issue tendered? We will'first, state the defendant did right in confessing the tender as he did. The avoidance set up to the effect of the tender of' the deed is, that the plaintiff was not seized of an estate in lee simjfie, clear of all incumbrances in and to the land mentioned in said deed. It is said by the counsel of tire plaintiff in error, that this is immaterial to the plea, which says, the said Rector and wife did malee, sign snd seal (in due form of law, &c.,) a good and sufficient deed of warranty, conveying to the said Risdon H. Price, his heirs and assigns forever, in fee simple, free and clear of all incumbrances, the land, &c. Now it is most manifest, that this plea undertakes, the deed itself was good in form and substance, and was also of such a character as to vest in Price the fee simple estate, clear of all incumbrances, &c. If this plea had been true to the extent it assumed to go, it would have been a good bar to the action, iThe plaintiff admits, that the deed mentioned in the plea was offered to him, but says he would not accept thereof, because the defendant was not seized of an estate in fee simple, clear of all incumbrances in ihe land in question.
An immaterial issue is defined.to be, (see 1 Chit. 631,) where a material allegátion in the pleadings is not traversed, but an issue is taken on some other point, which, if found, would not go to the merits of the cause. The consequence of an immaterial issue is, that the Court will award a repleeder, if it will- be the means of effecting substantial justice between the parties, (1 Chit. 632-3). Here the only dispute is on the words, seized'of an estate in fee simple. The defendant says he had made a deed, which deed conveyed to Price the fee simple estate, &c.; now this could not be, unless the defendant had that estate in himself; and this deed, however good in form, would operate precisely thus: if Rector had in the land an estate in fee, clear of incumbrances, Price would have that estate; if Rector had a freehold therein, Price would have the same; if Rector had an estate for years, Price would have the same ; if Rector had only the possession or the right thereto, Price would have no more; if Rector had nothing, Price would have nothing. It is contended here, that the word seized, makes the issue immaterial, for that the real question here is,. *77 Rector should, by deed of general warranty, vest in Price the fee simple, and that could be done without being seized of the land. This may be true, but the question still recurs, what is the mode of traversing the main question ? We think the replication contains apt and pertinent words, because the question involved more than the point, whether Rector had in the land a fee simple estate; but it involves, also, the question, whether he had that estate clear of all incumbrances? A fee simple estate may be very good as to the extent and duration of the interest, yet may be incumbered by a judgment, by a mortgage; may be a remainder in fee simple ; it may be charged with legacies and payment of debts; it may be incumbered With an estate for years; or, if the alienee should be disseized in fee, it would be a serious inconvenience to the immediate enjoyments in the case of the remainder; the particular estate would be an incumbrance to the present enjoyment, which, we think, was material here, for, in that case, the seizin of the thing itself and the right to seizin, must concur to discharge the condition of the bond. But if in this case the defendant had shown that he had the title, as he says by the rejoinder he had, it was competent for him to show it on the trial; and the kind of papers or facts he must show to satisfy the words, seized in fee simple, clear of incumbrances, are not for us to decide. If he proved a patent had issued from the United States to Riddle & Co., and that he had a regular deed frpm them, and the Court had still required him to prove actual possession on his part, if he were not satisfied with that matter, he might have saved the point and presented it to this Court; then the question would have been before us, what is seizin in fee of an estate, clear of all incumbrances ? Here the issue has been'found against defendant, and we must suppose some of the material things in issue were not true; whether it was, that seizin became necessary and was not proved, or that a mortgage were shown, or judgment existed so as to malee an incumbrance, does not appear. We think this issue, so far from being immaterial, that it was not even informal, for the pleadings are made up with as much art as could have been done by any special pleader. It is useless to enter further into an inquiry on this subject.
Another error has been complained of, which is, that the Court could not, on a penal bond, or bond for the payment of money defeasible on the performance of something else, give interest by way of damages. This might be a matter of serious Inquiry if We Had no statute on the subject; but we think the statute is conclusive on this point, and that the Court Could not do otherwise than give interest— (see Digest, 230).
It is said, this is a hard case, a penal action, no doubt, with a view of inducing the Court to he astute in finding error; oh this point, the Court ought to be neither negligent nor active, but take the law as it seems to them; they are not now chancellors, nor acting in that capacity. If the parties have equity, they must seek it in a Court of equity. We have given this subject much labor, and, after all research has been exhausted, cannot see in the record any error.
The judgment of the Circuit Court must, therefore, he affirmed with costs.