Cole *v.* Butler.

JOHN P. COLE *versus* OLIVER R. BUTLER.

Although the service of a writ may not conform to the requirements of the statute, the judgment based thereon is to be deemed valid and binding upon all parties and privies thereto until reversed.

A corporation creditor who first moves in conformity to law, acquires a *priority* of right to recover against a stockholder, under the provisions of the R. S. of 1841, chap. 76, secs. 18, 19, and 20, with which no other creditor subsequently moving, can rightly interfere.

Nor can the rights of the first be affected, although the second may, by pursuing the shorter remedy, first obtain satisfaction of his judgment.

Any payment made to such subsequently moving creditor by such stockholder must be regarded as a payment in his own wrong.

The stockholder is liable only for the amount of his stock; and interest is not to be allowed thereon.

The parties submit this case to the court upon the following statement of facts:

The Georges Canal Company was duly incorporated in 1846, and is still existing as a corporation under the laws of this state, and its stockholders subject to the liabilities of chap. 76, R. S. The defendant owns two shares of stock in said corporation, of fifty dollars each, and has owned the same ever since its organization, which was in 1846.

The plaintiff was a creditor of the corporation, and brought his action against the same, and recovered his judgment for the sum of $150, and execution duly issued thereon, on the same day said execution was put into the hands of a deputy sheriff for Lincoln county, who on that day returned thereon, that having made diligent search for corporate property and estate of the Georges Canal Company, he was unable to find any. On the 4th day of the same month, said execution was put into the hands of a deputy sheriff for Waldo county, who made the same return thereon. On the 5th day of May, A. D. 1851, said officer still holding the execution, as deputy sheriff for Waldo county, for collection, made a demand upon

the defendant, who then resided in Waldo county, in due form.

At the October term of the Supreme Judicial Court, Waldo county, A. D., 1852, one Paul Metcalf and James L. Moody severally recovered judgments against said Georges Canal Company, for more than one hundred dollars, and sued out their executions thereon, and delivered them to a deputy sheriff for said county of Waldo for service, who collected one hundred dollars of the same of said Butler, as stockholder of said Georges Canal Company.

*A. P. Gould,* counsel for the plaintiff.

*Peter Thacher,* and *Hanley & Crosby,* counsel for the defendant.

MAY, J.  The liability of the defendant in this action under the provisions of the R. S. of 1841, chap. 76, sects. 18, 19, 20, in force when the suit was brought, is conceded by the learned counsel in defence, unless the facts hereinafter stated, upon which he relies, shall lead to a different conclusion.  The facts relied on, it is contended, furnish two distinct and sufficient grounds of defence.  We will look at them and their legal effect, not in the order in which they have been presented in the argument, but as they occurred in point of time.

It is said then, in the first place, that there was no legal service of the plaintiff's writ against the Georges Canal Company, and that, for that reason, the defendant may now avoid the effect of the judgment obtained in that suit, so far as relates to his liability to pay any part of the execution which issued thereon.  Upon an examination of that writ, which is a part of the case, it does not appear to have been in the hands of an officer at all.  The only evidence of service consists in the following certificate bearing even date with, and found upon the back of the writ:  "January 25, 1851.  Legal and due service upon me this day, one of the directors

of the within named Georges Canal Company, is hereby acknowledged," signed or purporting to have been signed by "John Miller." It does not appear whether the action was answered to in court, or the judgment rendered upon default. Upon the authority of Came v. Bridgham, 39 Maine R., 35, and the cases there cited, we are satisfied that if the evidence of service or the service itself is defective, no advantage can be taken of it in this suit. The judgment, notwithstanding the service of the writ may not be in conformity with the requirements of the statute, is to be deemed valid and binding upon all the parties and privies to it until it is reversed.

The other ground of defence consists in the fact that the defendant, after all the preliminary proceedings and contingencies necessary to fix his liability to the plaintiff, had occurred, has been again called upon by other judgment creditors of the corporation in conformity with the statute, and that the defendant, to save his property from seizure upon their executions or to prevent the institution of new suits against him, has paid to such creditors in part satisfaction of their judgments, a sum equal to the amount of his stock. These subsequently moving creditors do not appear to have instituted their suits against the corporation until long after the commencement of this suit.

The general purpose of the particular provisions of the statute under consideration, was to give additional security to the creditors of the corporations to which they apply, by making the stockholders, who were such when the debts were contracted, and their property, liable by due proceedings, for the payment of such debts in all cases where there should be a failure to obtain the amount from corporate property. The legislative intention to give to a creditor, who should bring his case within the provisions of the statute, security for his debt in either of the modes, at his election, which the statute provides cannot be doubted; and the statute, if susceptible of it, should receive a construction which will effectuate this intent. To allow one creditor,

after another by a compliance with the statute, had laid the foundation of his right to recover of any particular stockholder to the amount of his stock, to step in, and by electing the shorter remedy provided by the statute, thereby to defeat a pending action, which the same statute had clearly authorized, would be inconsistent with the general purpose to give security before stated, and not in harmony with the general principle running through all our statutes, which is to give to the more vigilant party, when moving in conformity to the law, the fruit appropriate to his effort. We therefore think that a creditor who first moves and proceeds so far as to establish his right to seize the property of a stockholder, or to bring his suit, obtains a priority of right in the fund which the statute has in effect, set apart for the payment of his debt. By such proceedings and the institution of a suit within the period fixed by the statute, he acquires a right to recover against the stockholder to the amount of his stock, with which no other creditor subsequently moving, can rightfully interfere; and any payment made to any such subsequently moving creditor by such stockholder, must be regarded as a payment in his own wrong.

It is contended that the defendant in this case, is to be justified in making a subsequent payment to other creditors upon the ground that his property was liable to seizure under the 18th and 19th sections of the statute. We are not satisfied that any such seizure could be lawfully made. If the construction of the statute to which we have arrived is correct then no other creditor, after the defendant's liability to the plaintiff had become fixed, could rightfully seize the defendant's property upon any other execution against the corporation, so long as the plaintiff's right to the fund arising out of the defendant's liability continued, and the rights of such subsequently moving creditors must be subject to those of the plaintiff until his rights are either lost or abandoned. In our judgment, therefore, the plaintiff may properly have judgment for the amount of the fund which the statute impliedly at least, has set apart for the payment

of his debt, notwithstanding the subsequent proceedings on which the defendant relies.

This construction is in accordance with the familiar maxim, *Nemo debet lis vexari, si constet curiae quod sit pro una et eadem causa,* which has often been applied to actions upon penal statutes in which no priority of right was expressly given. In such actions it has been often held that the plaintiff first moving attaches a right in himself to the penalty of which he cannot be deprived by a subsequent suit in the name of another informer, though judgment be first recovered in the latter suit. Beadleston v. Sprague, 6 Johns., 101; Pike v. Madbury, 12 N. H., 262. So, too, where a statute authorized an action *qui tam* or an indictment for taking usurous interest, it was held that the pendency of an action for the same cause, might well be pleaded in abatement of a subsequent indictment. Commonwealth v. Churchell, 5 Mass., 174.

The rights of these parties being as is conceded unaffected by the repeal or modification of the statute on which this action was brought, by reason of a saving clause as to actions then pending, the plaintiff, by the provisions of section 20, is entitled to recover an amount not exceeding the amount of the defendant's stock. That amount is one hundred dollars. No provision is made for his recovering any more as debt or damages, not even by the addition of interest from the date of the writ; but as the prevailing party he will be entitled to recover his costs. Gross v. Hill, 36 Maine, 22.

*Defendant to be defaulted.*