MARION MUNGER *et al.*

*v.*

AUGUSTUS JACOBSON, Receiver.

| 99 | 349 |
| 140 | 296 |
| 99 | 349 |
| 53a | 249 |
| 99 | 349 |
| 74a | 354 |

*Filed at Ottawa June 20, 1881.*

1. PRACTICE—*deciding case as to part, and continuing as to others.* Where the liability of the defendants in a chancery case is several, and not joint, and they are properly joined, and the measure of the liability is fixed as to each, so that the subsequent proceedings can not change it, it will not be error to render final decree as to one or two, and retain the cause as to the others.

2. On bill by a receiver of an insolvent bank to enforce the liability of its stockholders for double the amount of their stock, under the bank charter, where it appears that two defendants are the only solvent stockholders residing within the State, and that the debts of the bank exceed the total of its assets and all the stock liabilities, so that the whole of such defendants' liability will be needed for the payment of the debts, there is no reason for deferring a decree against them until the making of the final decree of distribution in the case, but it may be rendered at once.

3. INTEREST—*on stockholder's liability.* Interest is not recoverable in an action against a stockholder to enforce his liability to creditors of the corporation for double the amount of his stock.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. WILLIAMS & THOMPSON, for the appellant Marion Munger:

The suit in equity is not divisible. Separate decrees against the various defendants, which do not settle the rights of all parties, can not be entered. *Gage* v. *Rohrback*, 56 Ill. 262.

It was error to enter a decree, which was essentially an interlocutory order, while the cause was pending on reference to the master, and to award execution. It was error to consolidate the causes without consent of parties. The cross-errors are not well assigned. The statute does not give interest upon this liability. Rev. Stat. chap. 74, sec. 2.

Interest can not be recovered in this State in any case except when the statute authorizes it. At common law it could be recovered in no case except where there was an express agreement to pay. Interest may then be regarded as depending upon and as the creature of the statute. *Madison County* v. *Bartlett*, 1 Scam. 69; *City of Pekin* v. *Reynolds*, 31 Ill. 529; *Illinois Central Railroad* v. *Cobb*, 72 id. 148.

In *Chicago* v. *Alcock*, 86 id. 384, the following cases hold expressly that interest is not to be added to the limit of the liability of the stockholder: *Cole* v. *Butler*, 43 Me. 401; *Sackett's Harbor Bank* v. *Blake*, 3 Rich. Eq. (S. C.) 225.

Messrs. WALKER & CARTER, for the appellant Reuben Hatch:

The first error assigned, is the only one we shall urge: that the court erred in rendering a decree for the payment of money by these appellants, on the hearing on the petition of the receiver in said cause, on motion of said receiver, leaving said cause pending and undetermined.

As we understand the rules of practice, which have become rules of law, the decree upon the petition of the receiver should have been interlocutory, not final. Daniels' Ch. Pr. 986, 993; *Coates* v. *Cunningham*, 80 Ill. 467.

Messrs. MATTOCKS & MASON, for the appellee and credi-
tors of the bank:

The appellants, Munger and Hatch, were stockholders in
the Bank of Chicago, holding $15,000 and $5000 of stock,
respectively. They were therefore liable in the respective
sums of $30,000 and $10,000, for all debts which the bank
owed while they held their stock, and for three months after.
*Fuller* v. *Ledden*, 87 Ill. 310.

The appellants do not question their liability under the
charter, or their accountability to the receiver, as the repre-
sentative of the general creditors. They claim (1), that
separate decrees can not be entered in equity against separate
defendants; and (2), that they are liable only for the amount
of the stock held by them,—not for double the amount.

On the rightfulness of the procedure herein, we submit the
following cases: *Gage* v. *Rohrback*, 56 Ill. 262; *Castleman*
v. *Holmes*, 4 J. J. Marshall, 5; *Gaines* v. *Chew*, 2 How. 619;
*Wiswell* v. *Stone*, 48 Me. 401; *Derrick* v. *Lamar Ins. Co.* 74
Ill. 404; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380; *Pearce* v.
*Pearce*, 77 Ill. 284; *Erickson* v. *Nesmith*, 46 N. H. 371;
*McConn* v. *Delany*, 2 Bibb, 440; *Hodges* v. *Mulliken*, 1
Bland, 503; *Owing's case*, id. 370; *Royall* v. *Johnson*, 1
Rand. 421.

That the stockholders are liable to pay interest on the
amount of their liability, counsel cited *Burr* v. *Wilcox*, 22
N. Y. 551; *Frazer* v. *Little*, 13 Mich. 195; *Brainard* v.
*Jones*, 18 N. Y. 35; *Chemical National Bank* v. *Bailey*, 12
Blatchf. 480; *Tazwell* v. *Saunders*, 13 Gratt. 354; *United
States* v. *Arnold*, 1 Gal. 348; 9 Cranch, 104; *Casey* v. *Galli*,
94 U. S. 673; *Bedell* v. *Janney*, 4 Gilm. 193; *Myers* v.
*Walker*, 24 Ill. 133; *Judge* v. *Heydock*, 8 N. H. 491.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

In this proceeding for the enforcement of the stock lia-
bility of stockholders to double the amount of their stock,
under section 3 of the charter of the Bank of Chicago, and

for the distribution of the amount thereof among the creditors of the bank, there was a decree against Munger and Hatch, two of the stockholders.

The present appeal is only by them. Their liability, as found under the charter, is not questioned; but they claim it was erroneous to decree against them at the then stage of the proceedings; that as the suit of *Cunningham* v. *The Bank* stood at that time, by the decree of February 2, 1878, referred to the master to take an account of all debts and liabilities of the bank, and of all the stockholders, and report the amount of stock held by them, and their solvency or insolvency, and report the evidence of his findings thereon, there should have been no decree against them until at the time of a final decree with respect to all parties, and a final disposition of the entire case. There are cases where there are several parties, with distinct and several responsibilities, in which the court may decree as to one, and retain the cause as to the others. Thus in *Gage* v. *Rohrback*, 56 Ill. 262, a case in which Rohrback filed a bill against Gage, the city of Chicago, and several other defendants, and a demurrer of Gage had been overruled,—we there said: "After overruling the demurrer, the court * * had the undoubted right to decree the relief against the plaintiff in error (Gage), * * and the court might then have rendered a final decree granting relief against him. But there being other defendants, some of whom had answered, some had demurred, and others having taken no steps, the usual practice justified the court in reserving the decree. * * * As plaintiff in error abided by his demurrer, he could not * * * prevent the court from rendering a final decree on the demurrer against him, nor could he thus arrest the progress of the case as to the other defendants."

In *Castleman* v. *Holmes*, 4 J. J. Marshall, 5, a case strongly resembling the present, it was said: "The propriety of decreeing against part and continuing the cause as to the other defendants, is questioned. We can not perceive that

it was erroneous to take that course in this case. The liability of the defendants is several, and not joint. They were properly united in the same action, * * * but when the rule of apportionment was ascertained, and the cause prepared as to any one, we can not see any sufficient reason why he should not be decreed to do justice, without delaying until others can be reached."

There is, then, the warrant of authority for decreeing against the appellants before the time of the final disposition of the case, and there can be no cause of complaint on their part for so doing.

It appears in the case, that Munger and Hatch are the only solvent stockholders residing within this State; that the debts of the bank exceed the total sum of its assets and all the stock liabilities, so that the whole amount of appellants' liabilities will be needed for the payment of the debts. The amount of that liability can not be affected by any subsequent proceeding to be had in the case. As the amount of their liability must be paid by them in any event, it will not concern them what further decree may be rendered with respect to other stockholders, or how distribution may be made among the several creditors. There is no reason, then, for the delay of decree against appellants until the making of the final decree of distribution in the case, but, on the contrary, as we refuse to allow interest on the liability, there is strong reason against such delay and in favor of a decree at once, which will be bearing interest.

Piper and others, creditors who appealed from a previous order in the case enjoining them from prosecuting suits at law, and whose appeal has been dismissed, have presumed to file an argument in the case of this appeal of Munger and Hatch, which, of course, is out of place here; but noticing that it makes the point that the remedy for the enforcement of this stock liability is at law only, and not in equity, according to former decisions of this court, we will observe that that question does not arise upon this appeal of Munger

and Hatch, and this opinion is not to be taken as expressive of any opinion in regard thereto. Munger and Hatch have never taken any such objection; but, to the contrary, they seem rather, in their answers, to invoke the exercise of chancery jurisdiction in the matter.

A cross-error is assigned in the non-allowance of interest on the amount of the stock liability. Appellees claim they were entitled to interest thereon, either from the time when the Bank of Chicago, being "wholly insolvent," made an assignment, July 10, 1874, or from the time of commencement of suit upon this liability, December 23, 1874. The court below denied interest.

The adjudged cases as to the allowance of interest upon such a liability are not harmonious. *Burr* v. *Wilcox,* 22 N. Y. 551, *Casey* v. *Galli,* 94 U. S. 673, are cases in which interest was allowed. In *Cole* v. *Butler,* 43 Me. 401, *Sackett's Harbor Bank* v. *Blake,* 3 Rich. Eq. 225, it was denied. The tenor of our own decisions is rather against the allowance of interest generally, except in cases where the statute authorizes it: *Madison County* v. *Bartlett,* 1 Scam. 69; *Illinois Central Railroad Co.* v. *Cobb,* 72 Ill. 148, and other cases.

The present is certainly not embraced within the cases in which the statute gives interest, and we think its disallowance here best accords with our own decisions upon the subject of interest.

The decree, as respects Munger and Hatch, is affirmed.

*Decree affirmed.*