M. D. WELLS & COMPANY v. C. M. ROBB *et al.*

1. INSOLVENT CORPORATION — *Stockholder — Priority of Right to Receiver.* The judgment creditor of an insolvent corporation who first moves, in conformity to the provisions of § 32, chapter 23, Gen. Stat. of 1889, to charge a stockholder of the corporation on his liability under the statute acquires a priority of right to recover against such stockholder with which a creditor subsequently moving cannot rightly interfere.

2. NOTICE, *Sufficient to Charge Stockholders.* Where the notice in writing to a stockholder sought to be charged with the debt of an insolvent corporation to the extent of his liability under the provisions of § 32, chapter 23, Gen. Stat. of 1889, informs the stockholder that a motion will be made, at a time and place therein stated, by the judgment creditor, before a justice of the peace who has rendered a judgment in favor of the creditor against the corporation, for an order that the stockholder pay the sum of $100, being the amount of his capital stock in such corporation, to satisfy a judgment rendered against the corporation, and after due service of such motion — the stockholder not appearing — the judgment creditor moves the justice of the peace that judgment be rendered and execution issued against such stockholder for the amount of his stock, and the justice, after hearing the evidence, finds that such person is the owner of the stock as alleged in the motion, and renders judgment against the stockholder for the amount necessary to pay the judgment, and orders execution to issue, *held,* that such notice and order are sufficiently regular to charge the stockholder, and to authorize an execution thereon.

3. GRANGE — *Insufficient Notice to Stockholders.* Where several persons act together as a society for social purposes under the name of "The Ivy Grange," and in such name subscribe for stock in a corporation, and subsequently a judgment creditor of the insolvent corporation attempts to charge upon written notice the members of the grange

as stockholders of the corporation, a notice to the master or presiding officer of the grange is not notice, under the provisions of § 32, chapter 23, Gen. Stat. of 1889, to the members of such grange sought to be charged as stockholders.

*Error from Lyon District Court.*

*M. D. Wells & Company* commenced an action against *C. M. Robb et al.*, before a justice of the peace of Lyon county, on the 5th day of May, 1887. The following is a copy of the bill of particulars, omitting title:

"Plaintiffs allege that they are now and for more than six years last past have been copartners, doing business as M. D. Wells & Co.; that the defendants, and others, whose names are to these plaintiffs unknown, are and for more than six years last past have been members of a society or association known as 'The Ivy Grange;' that the Lyon County Coöperative Association is now and for more than six years last past has been a corporation duly organized and existing under and by virtue of the general laws of the state of Kansas; that the said 'Ivy Grange' subscribed to, and became and still is the owner of, twenty shares of five dollars each of the capital stock of said The Lyon County Coöperative Association; that on the 20th day of November, 1884, in the district court of Lyon county, Kansas, in an action therein pending wherein the plaintiffs herein were plaintiffs and the said Lyon County Coöperative Association was defendant, said plaintiffs duly recovered a judgment against said defendant therein in the sum of $1,583; that an execution has been issued upon said judgment to the sheriff of Lyon county, and by him returned unsatisfied; that said judgment is still unpaid; that on the 25th day of November, 1884, said Ivy Grange was duly served with a notice of such judgment, and that execution would be ordered against the shareholders in said Lyon County Coöperative Association.

"Wherefore, plaintiffs demand judgment against the defendants and each of them in the sum of $100."

A judgment was rendered in the justice's court in favor of the plaintiffs and against the defendants. An appeal was taken to the district court, and the case was tried there at the February term, 1888, upon the following agreed statement of facts:

"It is agreed that this case shall be submitted to the court

upon the following agreed statement of facts: That the plaintiffs, on the 20th day of November, 1884, obtained a judgment in the sum of $1,500 in the district court of Lyon county, Kansas, against the Lyon County Coöperative Association, which was a corporation organized under the laws of the state of Kansas; that on the 27th day of October, 1884, defendants W. L. McLaughlin & Co. and Samuel Bliss each obtained a separate judgment against said company or corporation in a justice's court in the county of Lyon for the sum of $47.75, and $85.25, respectively; that the other defendants were each members of a society or association known as 'The Ivy Grange,' an unincorporated society organized for social purposes, its members being generally known as 'grangers;' that F. H. Lyon was also a member of said grange, and during the year 1884 was its master, and presided at the meetings of the grange, and had the usual powers of a presiding officer; that said grange during the year 1884 owned twenty shares of the capital stock of the Lyon County Coöperative Association, of the face value of five dollars per share; that in November, 1884, executions were issued upon the judgment in favor of the plaintiffs and upon the judgments in favor of the defendants McLaughlin & Co. and Samuel Bliss, against the said Lyon County Coöperative Association, and each of said executions was returned wholly unsatisfied; that thereafterward, and in the year 1884, and after the return of the execution on the judgment in favor of plaintiffs unsatisfied, the plaintiffs caused a written notice to be served upon said Ivy Grange by delivering the same to F. H. Lyon, of which the following is a true copy, save and except the title of cause omitted, and the names of the parties to whom it was addressed omitted; but that included in the names of the parties to whom said notice was addressed, among whom was the Ivy Grange and others, stockholders of the Lyon County Coöperative Association, to wit:

"'You and each of you will take notice that the plaintiffs in the above-entitled cause of action did, on the 20th day of November, 1884, at the September, 1884, term of said district court, by the consideration of said court recover a judgment against the defendant, The Lyon County Coöperative Association, for the sum of $1,583, damages, and the costs of the action, taxed at $10.75; that an execution has been issued upon said judgment to the sheriff of Lyon county, Kansas, and by him returned wholly unsatisfied, there having been no property belong-. ing to defendant in said action found whereon to levy such execution. Now this is to notify each one of you who are hereinbefore named, that on Tuesday, the 3d day of March, 1885, at the hour of 10 o'clock A. M. on said day, or as soon thereafter as counsel can be heard, plaintiffs will, at the court house in the city of Emporia, in open court, move the

district court of Lyon county, state of Kansas, for an order ordering an execution to be issued upon such judgment against each person hereinbefore named, to an amount equal to the amount of stock owned by such person in the Lyon County Coöperative Association at the date of said judgment as appears from the books of said association. The above-named persons are further notified, that they can save all costs by paying to the clerk of the district court an amount equal to the amount of stock so held by them, to be applied in satisfaction of said judgment.'

"That thereafterward, and at the March, 1885, term of said district court, an order was entered upon said motion, and upon proof of service of the same upon the presiding officer of the said Ivy Grange, that an execution issued on the judgment in favor of the plaintiffs and against the Lyon County Coöperative Association, against the said Ivy Grange, for the amount of one hundred dollars, and the costs in said motion; which said execution was issued, and returned wholly unsatisfied; that in April, 1887, defendants W. L. McLaughlin & Co. and Samuel Bliss each served a notice on each of the above-named defendants other than themselves, a copy of which said notice so served by McLaughlin & Co. upon Elza Moore and others was and is as follows, to wit:

"'To Mr. Elza Moore et al.: You are hereby notified that on the 30th day of April, 1887, at —— o'clock — m., a motion will be made by the undersigned as attorneys for W. L. McLaughlin & Co., before E. N. Evans, justice of the peace of Emporia city, Lyon county, Kansas, at his office in Emporia, for an order against you that you pay the sum of one hundred dollars, the amount of the capital stock you hold in the Lyon County Coöperative Association as member of the Ivy Grange; the same being to satisfy a judgment rendered by said justice of the peace, in which the said W. L. McLaughlin & Co. were plaintiffs and the said Lyon County Coöperative Association was defendant.'

"That the notice served on behalf of Samuel Bliss was precisely the same, except the name of Samuel Bliss was substituted for the name of W. L. McLaughlin & Co.; that said notice was served in April, 1887; that on the 5th day of May, 1887, the plaintiffs commenced this action, and that on the 12th day of May, 1887, the plaintiffs obtained before said justice of the peace judgment against each of said defendants, except the said McLaughlin & Co. and said Bliss, for the sum of $100; which said judgment was duly appealed from; that on April 30, 1887, the following judgment was entered by the said justice of the peace, E. N. Evans, upon the notices served by McLaughlin & Co. and Bliss, as aforesaid:

"'April 30, 1887.—In open court come now the plaintiffs, by their attorneys Cunningham & McCarty, and move the court that judgment be rendered and execution issued against the following stockholders of said defendant corporation, as members of the Ivy Grange, in the several sums set opposite their respective names, or so much thereof as may

be necessary to satisfy the foregoing judgment, with interest and costs, to wit: Elza Moore, $100; O. M. Robb, $100; E. C. Payne, $100; Sidney Putnam, $100, and E. Best, $100; and it appearing to the court that proper and reasonable notice in writing of the hearing and presentation of said motion had been duly given each of said stockholders, and it further appearing to the court that each of them is the owner of $100 worth of stock in and of the said Lyon County Coöperative Association, and the court so finds, it is therefore ordered that said motion be granted, and that said plaintiff have and recover of the said Elza Moore and others, each the said sum of $100, and that each shall pay plaintiff the sum of $100, or so much thereof as may be necessary to pay this judgment and the judgment hereinbefore rendered, and the costs of all proceedings in said cause; and hereof let execution issue, and the same is hereby ordered.　　　　　　　　　　E. N. EVANS,

　　　　　　　　　　　　　　　　　　　　*Justice of the Peace.'*

(Successor to F. P. Payne, justice of the peace, before whom the original judgment in favor of McLaughlin & Co. and Bliss was rendered.)

"That the justice rendered like judgment in the case of Bliss — the above judgment being rendered in the case of McLaughlin & Co.

"That in said proceedings before said justice which culminated in the aforesaid judgment, no bill of particulars was filed, no summons was issued, and the whole of said proceedings and said judgment was based solely and entirely upon said plaintiff's oral motion for judgment, the notice hereinabove copied and set forth, and its service upon the parties named in said judgment, and also upon the original judgments rendered in favor of McLaughlin & Co. and Bliss against the Lyon County Coöperative Association, and upon nothing else.

"It is further agreed by and between the parties hereto, that the sole and only questions to be determined are as to whether the said McLaughlin & Co. and the said Bliss acquired any lien upon the liability of the members of said Ivy Grange by the service of said notice, and the judgment so rendered upon the same by the said justice of the peace. If such a lien was acquired, then the question to be determined is whether it is prior to the lien obtained by plaintiffs under their motion and service and proceedings had thereon, if the same could be enforced in this action commenced by plaintiffs before said justice upon said bill of particulars; it being agreed that if the defendants McLaughlin & Co. and Bliss obtained a lien upon such liability superior to the liens and rights of the plaintiffs acquired under their said motion, or by this action commenced before said justice and by said bill of particulars, judgment shall be rendered for the defendants

in this action. If, however, the said defendants McLaughlin & Co. and Bliss obtained no lien, or no lien prior to the lien of plaintiffs, or to the rights of plaintiffs obtained by the commencement of this action, or superior thereto, or if the said justice had no power to render any judgment upon the notice served by them, (it being admitted that upon the hearing before said justice upon said notice there was no trial, but a judgment rendered as upon a default upon proof of the former judgment and the issuance and return of the execution therein, and the proof of the service of said notice upon the defendants other than McLaughlin & Co. and Bliss,) then the plaintiffs to recover judgment against each of the defendants named in the bill of particulars, save and except only McLaughlin & Co. and Bliss."

Upon the agreed statement of facts the district court determined that McLaughlin & Co. and Bliss had acquired a prior lien upon the liability of the defendants as stockholders, and rendered judgment against the plaintiffs for costs, dismissing their action. The plaintiffs excepted, and bring the case here.

*C. N. Sterry*, for plaintiffs in error.

*Cunningham & McCarty*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: M. D. Wells & Company on the 20th of November, 1884, obtained a judgment for $1,500 in the district court of Lyon county, against the Lyon County Coöperative Association, a corporation organized under the laws of the state. On the 27th of October, 1884, W. L. McLaughlin & Company and Samuel Bliss each obtained a separate judgment against the same corporation, before a justice of the peace in the county of Lyon, for the sum of $47.75 and $85.25, respectively. In all these cases executions were issued against the property of the corporation and returned unsatisfied. Subsequently, these creditors of the insolvent corporation attempted to obtain payment of their judgments from certain stockholders of the corporation to the extent of their statutory liability. The Ivy Grange, an unincorporated

society, organized for social purposes, owned in 1884 twenty shares of the capital stock of the corporation, of the face value of $5 per share.   The defendants were members of the grange. F. H. Lyon was its master, or presiding officer.

The principal question presented in this case is, whether W. L. McLaughlin & Company and Samuel Bliss have acquired prior liens against the defendants as stockholders of the Coöperative Association.   Involved in this question, two others arise.   These are:

1. Did the plaintiffs, by the notice served upon the presiding officer of the Ivy Grange in the fall of 1884, and the order for an execution against such grange made by the district court at the March, 1885, term, create a lien upon this liability?

2. Did the proceedings of W. L. McLaughlin & Company and Samuel Bliss before Justice Evans, in April, 1887, in any way attach or create a lien upon this liability against the members of Ivy Grange?   The first question must be answered in the negative, and the last question in the affirmative.

"Neither at law, nor in equity are stockholders contributing to the capital of an incorporated company individually liable for the payment of the debts of the corporation.   The liability arises solely by constitutional or statutory provision. As a consequence the matter here is wholly governed by the statute, and the rights of the party claiming under the statute must be ascertained by it."   (*Hentig v. James*, 22 Kas. 326; Gen. Stat. 1889, ch. 23, § 32.)

The statute prescribes that —

"No execution shall issue against any stockholder except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion, such court may order execution to issue accordingly, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."   (Gen. Stat. 1889, ch. 23, § 32.)

The notice of M. D. Wells & Company to F. H. Lyon,

the master or president of the grange, was not a notice "in writing to the persons sought to be charged;" that is, it was not a notice to the defendants in this action. F. H. Lyon is not a defendant, although he is the only person who was served with a notice by the plaintiffs.

Again, the execution ordered to be issued under the notice of plaintiffs was against the Ivy Grange. The notices served upon the stockholders of the Coöperative Association at the instance of W. L. McLaughlin & Company and Samuel Bliss in April, 1887, were not as precise as they might have been, and the proceedings before the justice are a little irregular. An execution, however, was ordered to be issued by the justice of the peace against the stockholders to the extent of their liability. At most, the notices and proceedings are irregular — not void. The stockholders are not complaining of the notices or of the order of the justice of the peace. In this action, we do not think the errors, if any, of the justice, can be revised or corrected. The service of the notices by W. L. McLaughlin & Company and Samuel Bliss and the order entered thereon, give them as creditors prior liens and claims against the stockholders. (*Cole v. Butler*, 43 Me. 401; *Ingalls v. Cole*, 47 id. 541; *Jones v. Wiltberger*, 42 Ga. 575; *Marsh v. Burroughs*, 1 Woods C. C. 463.)

As this action was not brought until after the notices of McLaughlin & Company and Bliss were served and orders had been entered thereon, this action was brought too late to interfere with the prior liens or claims.

As the notices and orders referred to are fully set forth in the statement of facts, we do not repeat them.

The judgment of the district court will be affirmed.

All the Justices concurring.