L. A. COQUARD, Respondent, v. GEORGE PRENDERGAST, Appellant.

47 243
d76 531

St. Louis Court of Appeals, December 8, 1891.

1. **Practice, Appellate:** RESADJUDICATA. If, on the appeal of a cause to this court, the judgment is reversed and the cause is remanded, the rulings made by this court furnish the law of the cause for the purposes of the retrial.

2. **Corporations:** LIABILITY OF SHAREHOLDER FOR INTEREST ON UNPAID CAPITAL STOCK. When a creditor proceeds by motion under the statute against a shareholder of a corporation, whose shares have not been paid in full, the judgment should not exceed the liability of the shareholder on such shares, exclusive of interest, though it will carry interest from the date of its rendition.

3. ——— : ———. But *held*, by THOMPSON, J., *dissenting*, that in such case the recovery may be not only for the face of such liability, but, also, for interest thereon from the date of the filing of the motion.

4. ——— : ———. And *held*, further, by THOMPSON, J., that, though interest cannot be thus recovered, where it is not claimed in the motion, a judgment allowing it should not be reversed, when the motion, though set out in the transcript, is not preserved by bill of exceptions.

*Appeal from the St. Louis City Circuit Court.*—HON
LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*William B. Thompson*, for appellant.

Defendant is not liable for interest on his unpaid
subscription of stock, for two reasons ; namely, because
no interest was demanded in the motion, and because
the statute providing for this proceeding to recover
the unpaid subscription of a stockholder authorizes the
recovery only of the unpaid subscription of stock.
*Ashby v. Shaw*, 82 Mo. 76 ; *Shockey v. Fisher*, 21 Mo.
App. 551; *Hawkins v. Glenn*, 131 U. S. 319.

*Rowell & Ferriss* and *Joseph H. Zumbalen*, for
respondent.

( 1 )   As the motion, upon which this proceeding is
based, is not made a part of the bill of exceptions,
there is nothing for this court to pass upon.   *Colby v.
Tracy*, 62 Mo. 511 ; *Kohn v. Lucas*, 17 Mo. App. 29 ;
*Ins. Co. v. Hill*, 12 Mo. App. 155.   ( 2 )   In a motion
for execution against a stockholder of a corporation,
interest may be allowed on the amount of his unpaid
stock from the date of filing the motion.   1 Sutherland
on Damages, 581 ; 1 Sedgwick on Damages, 176, note ;
*Eppright v. Nickerson*, 78 Mo. 488; *Garesche v.
Lewis*, 15 Mo. App. 571 ; *Skrainka v. Allen*, 76 Mo.
392 ; *Shockey v. Fisher*, 21 Mo. App. 551.   It is not
necessary to specifically demand interest in such a
motion, to warrant its recovery from filing of the
motion.   *Kohn v. Lucas*, 17 Mo. App. 29 ; *Harwood v.
Larramore*, 50 Mo. 414 ; *Whitaker v. Pope*, 2 Woods,
463 ; *Godwin v. McGehee*, 19 Ala. 468 ; *Mills v. Heeney*,
35 Ill. 173.   If it be necessary to demand interest in the
motion to warrant its recovery, still the action of the trial

court in allowing interest will be presumed to be correct in this case, because the record fails to disclose that interest was not demanded. *Kohn v. Lucas,* 17 Mo. App. 29 ; *McDonald v. Frost,* 99 Mo. 44 ; *Ins. Co. v. Hill,* 12 Mo. App. 155.

ROMBAUER, P. J.—This is a proceeding by motion under the statute ( R. S. 1879, sec. 736 ), for execution against a stockholder, on the ground that there cannot be found any property or effects of the corporation whereon to levy the same. Upon the first trial of the motion the court declined to issue the execution, but upon appeal to this court its judgment was reversed, for reasons fully stated in our former opinion reported in 35 Mo. App. 237. Upon the last trial the court awarded an execution against the stockholder for the entire amount of the stock owned by him and unpaid, together with interest at the rate of six per centum per annum, from the date of the filing of the motion by the creditor. The stockholder, appealing, assigns for error that the order of the court was erroneous under the evidence, and that, even if the award of execution was warranted, it was excessive, and he was individually liable only for the amount of the stock owned by him and remaining unpaid, and in no event for interest over and above that amount.

The first assignment of error must be ruled against the defendant. His defense was, that he, himself, was a creditor of the corporation by virtue of certain scrip issued by it which he held ; but he failed to show on the last trial, as well as on the preceding one, that he had acquired such scrip prior to the time when the plaintiff's execution against the corporation was returned *nulla bona.* We held upon the last appeal that such showing was indispensable to make the defense available, which ruling was binding upon the trial court, being the law of the case. The propriety of such ruling,

although that question is no longer open for discussion, has been sufficiently vindicated in our former opinion.

The question of charging the defendant with interest is the only debatable question, and is one which, both upon principle and authority, is very close. The provisions of the statute on this subject, which, in the opinion of all the members of the court, must determine this question one way or the other, are as follows : "Creditors shall be allowed to receive interest at the rate of six per cent. per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." R. S. 1889, sec. 5972. The statute under which this proceeding is had provides: "If any execution shall have been issued against any corporation, and there cannot be found any property or effects whereon to levy the same, then such execution may be issued against any of the stockholders to the extent of the amount of the unpaid balance of such stock by him owned, *provided, always*, that no execution shall issue against any stockholder except upon an order of the court, in which the action, suit or other proceedings shall have been brought or instituted, made upon motion in open court, after sufficient notice in writing to the persons sought to be charged, and upon such motion such court may order execution to issue accordingly ; and, *provided further*, that no stockholder shall be individually liable in any amount over and above the amount of stock owned."

There is no decision in this state, which expressly or by analogy decides the question now under consideration. The one nearest by analogy is the case of *Stevens v. Gwathmey*, 9 Mo. 636, where it was held that a garnishee is liable for interest upon his indebtedness, where he denies his indebtedness to the defendant and his answer is found untrue. At the time when that decision was made, the statute on the subject

of interest permitted its recovery "on moneys due and withheld by an unreasonable and vexatious delay of payment, or settlements of accounts,"—a clause which was omitted in the revision of 1865, and has never been re-enacted since.

The decisions in other states are conflicting. In *Sacketts Harbor Bank v. Blake*, 3 Rich. Eq. 225; *Cole v. Butler*, 43 Me. 401; *Crease v. Babcock*, 10 Mt. 525, and *Munger v. Jacobson*, 99 Ill. 349, it was decided that interest was not recoverable on the unpaid stock liability of a stockholder ; while in *Burr v. Wilcox*, 22 N. Y. 551, and *Mason v. Alexander*, 44 Ohio St. 318, it was held that it was recoverable. It will be noticed, however, that the case in New York was prosecuted under a statute which gave a direct action by the creditor against the stockholder, and that in the Ohio case, which was a creditor's bill in equity against the corporation and its stockholders, the court refrains from deciding how the question of interest should be determined on principle, and bases its decision exclusively on the fact that the trial courts years before had so decided, and that such decisions had met with the implied approval of the supreme court. That case, therefore, rests solely on the rule of *stare decisis*, and is of very little value as persuasive authority.

In a case where the statute gives a direct action to the creditor against the stockholder, and interest runs on all contract debts from demand, there is good reason for holding that the creditor may recover interest from date of demand. The statute, so to speak, turns the contract between the stockholder and corporation, in case of the latter's insolvency, into a direct promise on part of the stockholder to pay his unpaid subscription to the creditor upon demand. That seems to be the ground' upon which Judge SELDEN in the New York case puts his decision. But such is not the statute under which the present proceeding is had. No contractual relation between the creditor and stockholder

is created by the statute. In case of a judgment obligation of the corporation, where an execution has been issued thereon, and no property of the corporation can be found whereon to levy the same, the excution, by *order of the court* and not otherwise, may be issued against the stockholder to the amount of his unpaid stock. The case is one in its nature similar to a call made upon the stockholders, but the call is to be made not by the creditor, but by the court wherein the judgment was rendered, and then only upon the previous ascertainment of certain facts. As it is well settled that no interest runs upon unpaid stock prior to its call, and as the call in this case is not the stockholder's motion, but the order of the court, it seems to be an almost unavoidable conclusion that no interest runs upon the unpaid stock obligation until such call is made.

The case of *Cole v. Butler*, 43 Me. 401, goes much further in holding the stockholder exempt from interest than we need go in support of that view in this case. The statute of Maine, under which the decision was had, authorized a demand to be made upon the stockholder by the officer holding the execution against the corporation, when he could find no corporate property, and such demand was not dependent on an intervening order of the court. In that respect the statute was similar to ours before the revision of 1865, which also dispensed with an order of court. The court of Maine held that the stockholder could not be charged with interest from date of demand in excess of his stock liability, although he was chargeable with costs, as the creditor was the prevailing party. This result was reached, although the statute of Maine did not expressly provide as ours does, that the stockholder should not be liable for any amount over and above the stock owned, the court evidently holding that such limitation was implied.

Another reason, entitled to some weight at least, is that the construction placed upon the statute by trial courts heretofore was different from the one adopted by

the trial court in this case, although the statute in its present form has been in force for over twenty-five years. This is the first case, as far as we are aware, where interest from date of the motion is sought to be exacted from the stockholder. Under such circumstances the reasons for holding that he is liable for such interest should be very conclusive, to warrant a construction at variance with a construction of the statute, abided in for a long period of time.

It results from the foregoing that the judgment must be reversed, and the cause remanded with directions to the trial court to award execution against the defendant for the sum of $500, the amount of his unpaid stock, such execution to bear interest from May 18, 1891, the date when it was first awarded by the trial court. So ordered. Judge BIGGS, concurs. Judge THOMPSON concurs in the result reached as to the principal, but not as to the disposition made of the question of interest.

THOMPSON, J.—I concur in the disposition of the case made by my associates in the opinion just delivered, except as to the subject of interest. The question is a close one, about which my mind has wavered not a little; but I have come back to my first impressions on the subject, which I will proceed to state, in the hope that the discussion may direct the attention of the profession to the subject in such a way that it may be definitely settled in some future case that may come before the supreme court, or else by an act of the legislature.

The statute, under which this motion for execution is made (R. S. 1879, sec. 736; R. S. 1889, sec. 2517), says nothing about interest, but it does contain the proviso that no stockholder shall be individually liable in any amount over and above the amount of stock owned. The proviso was added for the purpose of restricting the liability of the stockholder to what is known as a single liability, that is to the liability,

merely to the amount of the stock subscribed for, or purchased by him, and was not intended to prevent the recovery of interest where he unlawfully withholds any unpaid balance due in respect of his shares after demand by the corporation, or by its creditor, when the latter makes demand for it by a motion under the statute. The subject is manifestly governed by the general statute relating to interest. That statute is as follows : " Creditors shall be allowed to receive interest at the rate of six per cent. per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made ; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due, or to become due, for the forbearance of payment whereof an express promise to pay interest has been made." 2 R. S. 1889, sec. 5972. The meaning of this statute has always been understood to be that where an indebtedness exists, arising in any way by *force of contract*, but so as not to bear interest by the terms of the contract, and which does not become by force of the contract due and payable at a particular date, interest at the rate of six per centum per annum will commence running from the time when payment is demanded, and that, in the absence of any other demand, the bringing of an action is such a demand as starts the accrual of interest, provided interest is demanded in the petition.

Decisions are found, which hold that the stockholder is not liable for interest in proceedings by or on behalf of creditors of the corporation ( *Sacketts Harbor Bank v. Blake*, 3 Rich. Eq. ( S. C.) 225 ; *Cole v. Butler*, 43 Me. 404, 405 ; *Crease v. Babcock*, 10 Met. 525, 568 ; *Grew v. Breed*, 10 Met. 569, 577 ; *Munger v. Jacobson*, 99 Ill. 349 ) ; but an examination of them will make it appear that most of them rest on grounds not applicable to the case before us. In *Sacketts Harbor*

*Bank v. Blake, supra*, the liability of the stockholder sought to be enforced was an individual superadded liability, "to the extent of their respective shares of stock in said company, *and no further*." The court denied interest in excess of the liability thus fixed, on the ground that it was not a contract liability, but a liability created by a stringent statute, which fixed the bounds of it, and which bounds, consequently could not be exceeded. But here the liability is not a superadded individual liability; it does arise by contract, to-wit, the contract between the shareholder and the corporation to pay for his shares, and the statute simply makes him pay directly to the creditor what he might have been compelled to pay to the corporation, had it continued a going concern. In *Crease v. Babcock*, and *Grew v. Breed, supra*, each stockholder was by statute liable for his *proportion* of the corporate debts; and it was held that interest should not be allowed, because no stockholder could tell how much he had to pay, or to whom, until it should be ascertained by a general suit in equity. But these reasons would not apply at all to the case before us, because here the shareholder knew exactly what he was to pay, and to whom, on the day that he received notice of the motion for execution. On that day he could have exonerated himself by paying the sum of $500 to the plaintiff. But, instead of doing this, he elected to set up untenable defenses which resulted in keeping the plaintiff out of his money for several years, while he in the meantime had the use of it. Other courts have taken the juster view, that, if the creditor is kept out of his money through the refusal of the stockholder to pay when demand is made upon him, he ought to receive interest during the time he has been thus wrongfully delayed, although such interest together with the principal make a sum in excess of the amount to which he otherwise would have been liable. Upon this principle it has been held that interest will run against

the stockholder from the date of the commencement of the suit against him by the creditor of the corporation; although it results in charging him with a sum in excess of that for which he was individually liable. *Burr v. Wilcox*, 22 N. Y. 551; *Mason v. Alexander*, 44 Ohio St. 318. Compare *Casey v. Galli*, 94 U. S. 673.

In attempting to find a principle by which to solve this question, some of the courts have resorted to the analogy of actions upon *penal bonds*; and, as there is a diversity of opinion upon the question whether interest can be given in an action upon a penal bond in excess of the penalty, this analogy has led them to different con- clusions. In South Carolina the damages given in an action on a penal bond were never permitted to exceed the penalty ( *Bonsall v. Taylor*, 1 McCord, 503 ; *Stroble v. Large*, 3 McCord, 112 ), and the supreme court of that state followed this analogy in its decision in *Sacketts Harbor Bank v. Blake, supra.* But in New York the rule was that, *after default* in a surety in a bond for the payment of money, interest would run against the surety, although this might result in a judg- ment against him in a greater amount than the penalty of the bond ( *Brainard v. Jones*, 18 N. Y. 35), and the court of appeals of that state followed this analogy in *Burr v. Wilcox, supra*, reaching a conclusion opposed to that of the South Carolina court. In Missouri there has been a conflict of opinion on the question, so far as it relates to penal bonds. There are some holdings that interest may not be recovered in excess of the penalty ( *Farrar v. Christy*, 24 Mo. 453 ; *State ex rel. v. Sandusky*, 46 Mo. 377 ), but the earliest and the latest decisions are to the contrary. *Price v. Rector*, 1 Mo. 107; *Union Savings Ass'n v. Edwards*, 47 Mo. 445 ( where a verdict embracing such an excess of interest was sustained ); *St. Louis, etc., Ass'n v. Augustin*, 2 Mo. App. 123, 129; *State ex rel. v. Friedriech*, 10 Mo. App. 591. The analogy of our latest decisions on the subject of penal bonds would, therefore, lead us to the

conclusion, that interest is allowable in a proceeding against a stockholder by motion for execution, in excess of the amount due by him to the corporation.

But, if the analogy were the other way, the conclusion would not necessarily be the other way. The true theory of the law is that exemption from the general liability of partners is a *franchise or privilege* conferred by the legislature on the members of corporations, and that, so far as the legislature makes them liable to cred- itors, it simply *withholds* the franchise and leaves them where they would be if they were but an unincorporated joint stock company,—liable *for their own debts*. This would be the true conception, even where there is a super- added individual liability ; but under our law there is no such liability, but the stockholder is in general liable to the creditor only for what he is liable to the corporation. In the case before us, for instance, the statute allows the plaintiff to demand $500 of the defendant, because he owed that much to the cor- poration against which the plaintiff had a judgment for a greater amount. The statute merely transferred the debt from the artificial body to its creditor. It did not create any new liability ; it merely changed the obligee. The liabilty remained strictly a liability *ex contractu*, and no reason seems to exist, founded either in the language or in the spirit or analogy of the statute relating to interest, why interest should not be recoverable from the date of demand, as in other cases of contract obligations which are silent as to interest. If the corporation had made a call requiring its share- holders to pay up the remaining fifty per cent. on their subscriptions, it cannot be doubted that interest would have run in favor of the corporation and against the stockholder from the date of demand of the assessment, as was conceded by the Kansas City Court of Appeals in *Shockley v. Fischer*, 21 Mo. App. 551, 557. No reason is perceived why the rule should not be the same where the " call," so to speak, is made by a creditor of the

corporation under authority of the statute.   Nor do I think it the correct conception that, in a proceeding by motion for an execution against the stockholder, the "call" is made, not by the creditor when he files his motion and gives the stockholder notice of it, but by the court when it orders execution to issue.   The "call," so far as the word can be used in the sense of a demand, *is made by the party entitled to the money*, to-wit, by the creditor.   If, instead of first reducing his demand to judgment, the plaintiff had brought a direct action against the stockholder, as he might under another section of the statute (R. S. 1889, sec. 2519), the bringing of the action would be by analogy, the call, and not the date of the judgment and award of execution, and interest would undoubtedly run from the former date.   But the motion for execution, under the statute under which this proceeding is instituted, is in substance a supplementary action, having for its object the enforcement of the judgment against a party secondarily liable.   Why interest should run in the one case, and not in the other, does not seem clear.

But it is argued that no demand of interest is made in the motion, and that, as a question of pleading, the bringing of an action is a demand which starts the accrual of interest only in those cases where interest is demanded in the petition.   I do not dispute this rule of pleading (*Ashby v. Shaw*, 82 Mo. 76; *Shockley v. Fischer*, 21 Mo. App. 551), but I do not know in this case whether interest was demanded in the motion for execution or not.   Such a motion may be made orally. What purports to be a written motion is copied by the clerk in the transcript outside of the bill of exceptions, and the terms of the motion in this respect are not exhibited by anything which appears in the bill of exceptions.   Where the allegations of the motion are material, the motion must be set out in the bill of exceptions, or it cannot be noticed on appeal for any

purpose. On that point there has never been any dif-- ference of opinion in this court. *Merchants' Ins. Co. v. Hill*, 12 Mo. App. 148, 165 ; *Kohn v. Lucas*, 17 Mo. App. 29.

I, therefore, take the view that the order awarding execution against the stockholder is accordingly affirmed without an abatement of the interest.